Rosemary FISHER, the Surviving Mother of Jeffrey Fisher, Plaintiff and Respondent,

v.

MON DAK TRUCK LINES, INC., a Corporation, and Michael A. Tracey, Defendants and Appellants.

Civ. No. 8387.

Supreme Court of North Dakota.

May 10, 1967.

Freed, Dynes & Malloy, Dickinson, for plaintiff and respondent.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendants and appellants.

STRUTZ, Judge.

The plaintiff, as surviving mother of Jeffrey Fisher, a minor child, brings this action for the wrongful death of said minor whose death resulted from a collision of motor vehicles. The separate answers of the defendants admit that the defendant Tracey was operating the truck of the defendant Mon Dak Truck Lines, Inc., as employee of the said defendant truck lines, at the time of the accident, but both defendants deny any negligence on their part resulting in or contributing to the happening of the accident.

With the service of the separate answers, the defendants served the plaintiff with notice of motion and motion for an order of the trial court pursuant to Rules 19 and 21, North Dakota Rules of Civil Procedure. Rule 19 provides for necessary joinder of parties, and Rule 21 deals with misjoinder and nonjoinder of parties.

The defendants, by their motion, ask the court for an order requiring the plaintiff to join the estate of John Fisher, deceased, as party defendant in the action, or, in the alternative, for an order by which the court would summon the said estate as a party defendant in the action.

After hearing, the court denied the motion of the defendants, and they have appealed from the order denying the motion.

The facts in the case are stipulated. They disclose that a collision occurred on April 7, 1966, between a vehicle owned by the defendant Mon Dak Truck Lines, Inc., and driven by the defendant Michael A. Tracey, and an automobile owned and operated by John Fisher, deceased. The facts further disclose that the plaintiff's minor decedent was a passenger in the vehicle operated by his father, and that both father and son died from injuries received in the accident; that both vehicles were proceeding in a southerly direction on the public highway; and that the vehicle driven by Fisher struck the rear of the defendant's truck. The stipulated facts also admit that an administrator has been appointed for the estate of John Fisher, deceased.

Two issues are presented on this appeal: (1) whether the order of the trial court denying the defendants' motion is an appealable order; and (2) if such order is appealable, whether the trial court erred in denying the motion of the defendants to require the estate of John Fisher, deceased, to be joined in the action as party defendant un-

der Rules 19 and 21, North Dakota Rules of Civil Procedure, either by ordering the plaintiff to join the estate as a defendant or by an order of the court by which the estate would be summoned into the action as a defendant.

We first must determine whether the order from which the defendants attempt to appeal is an appealable order. Section 28–27–02, North Dakota Century Code, sets out what orders are appealable in this State. That section provides:

"28–27–02. What orders reviewable.— The following orders when made by the court may be carried to the supreme court:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

"3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;

"4. An order which grants or refuses a new trial or which sustains a demurrer;

"5. An order which involves the merits of an action or some part thereof;

"6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

"7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

 The order of the trial court in this case clearly does not come within the provisions of Subsection 1 of the above section, for this order is not one affecting a substantial right which, in effect, determines the action and prevents a judgment from which the defendants could appeal. Likewise, the mere reading of Subsections 2, 3, 4, 6, and 7 clearly discloses that the order appealed from does not come within the provisions of these subsections. Therefore, if the trial court's order is an appealable order, it must fall within the provisions of Subsection 5 of Section 28–27–02 as being "An order which involves the merits of an action or some part thereof."

 Is the order of the court denying the defendants' motion an order involving the merits of the action between the plaintiff, as mother of the deceased minor child, and the defendants? It is clear that if the defendants were not negligent they would not be liable to the plaintiff in this action, and the failure of the plaintiff to join the estate of the father could not affect the merits of the case. If the defendants were negligent, and liable to the plaintiff for the death of her minor son, and if the defendants should contend that the deceased father was a joint tort-feasor, they can bring the estate of the father into this action by serving a third-party complaint on the administrator of the father's estate under Rule 14(a). No order of the trial court would be required for serving such third-party complaint. Even if the father of the deceased child was a joint tort-feasor with the defendants, his liability as such tort-feasor would be joint and several, and the plaintiff

would have the option of suing one or more of such joint tort-feasors as she chooses. The omitted wrongdoer is neither indispensable nor a necessary party under Rule 19. See Barron and Holtzoff, "Federal Practice and Procedure" (Wright), Vol. 2, Sec. 513.8, p. 127.

On the other hand, if the defendants, or either of them, have a cause of action against the estate of the father arising out of the accident, such cause of action would not be affected by the trial of the plaintiff's cause of action against the defendants on its merits.

The defendants cite the early case of Bolton v. Donavan, 9 N.D. 575, 84 N.W. 357 (1900), as authority for their contention that the order denying their motion for an order of the court requiring the plaintiff to join the estate of her husband as a party defendant in the action, is an appealable order. In the Bolton case, the trial court granted a motion of the defendant for an additional party to be brought into the lawsuit as party defendant. The plaintiff, who had not sued such additional defendant, appealed from such order, and this court held that the order did involve the merits of the action, since it passed upon legal rights of the plaintiff and forced him to sue a party he did not wish to sue.

That is not the situation in the appeal before us. The plaintiff is not going to be compelled to do something she does not wish to do. Had the court granted the defendants' motion to force the estate of the plaintiff's husband to be brought in as an additional defendant, we would have a situation similar to that in the Bolton case.

We need not determine, however, whether, under facts similar to those in the Bolton case, that decision would now be followed. We should point out that rules of practice have been greatly changed since the Bolton decision. Parties now may be brought in or eliminated from a lawsuit by order of the trial court on motion of either party, or by the court on its own motion. Appeals from interlocutory orders on questions of practice, however, cannot be allowed without restriction. If such appeals were allowed, proceedings in any action could be halted at any time, to await the determination of appeals from each and every order made during the life of the case, and final judgment thus could be prevented or delayed for interminable periods of time.

We hold that the order denying the defendants' motion in this case, which motion would have required the court to order the plaintiff to join the estate of her husband as a party defendant in this action, and refusing to summon the estate into the action as a defendant, does not involve any merits of the action between the plaintiff, as surviving mother of the deceased minor child, and the defendants.

Appeal dismissed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.