**Albert WOSEPKA, Plaintiff and Appellant,**

v.

**Philip DUKART and Tony Dukart,
Defendants and Respondents.**

**No. 8492.**

Supreme Court of North Dakota.

July 19, 1968.

Rausch & Chapman, Bismarck, for appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for respondents.

ERICKSTAD, Judge.

The plaintiff, Albert Wosepka, appeals from an order of the District Court of Stark County which compelled him to make his son Keith a party defendant.

The complaint indicates that on November 20, 1963, Keith was driving his father's automobile on State Highway 22 toward Dickinson at about 5:00 p. m. when it collided with a panel truck owned by the defendant Philip Dukart and driven by his son Tony Dukart. The complaint further asserts that Tony had stopped and left the vehicle upon the roadway without lights or warning signals and that his negligence in so doing was the direct and proximate cause of the damage to Albert's vehicle.

The complaint also states that Tony was operating the vehicle under a driver's license issued to him by the State of North Dakota, under which license Philip was a guarantor.

The answer of the defendants, Philip and Tony Dukart, asserts that Keith was driving Albert's automobile under a motor vehicle operator's license issued to Keith and that in the application for this license Albert had agreed to be responsible for any negligence by Keith in driving a motor vehicle upon a highway. The answer also alleged that Keith operated his father's vehicle in "a careless, negligent and unlawful manner and at a careless, negligent and unlawful rate of speed and that the sole proximate cause of the damages complained of by Plaintiff was the negligence of said Keith A. Wosepka and that his said negligence contributed thereto."

The answer further asserted that Keith's negligence was imputed to his father and thus that his negligence barred his father's recovery in this action.

In the order compelling Keith's joinder as an additional party defendant, the trial court gave as its reason for the order that Keith ought to be a party in order to accord complete relief between those who were already parties.

Before we may concern ourselves with the merits of this appeal, we must determine whether the order is appealable.

It is apparently the position of the Dukarts that as this court held in Fisher v. Mon Dak Truck Lines, Inc., 150 N.W.2d 711 (N.D.1967), that an order of the district court denying a motion of the defendants to compel the plaintiff to join the estate of her husband as a party defendant was not an appealable order, it should now find that the trial court's order granting a similar motion is not appealable.

We do not agree that the holding in Fisher justifies a similar holding in this case, as there is much difference between forcing joinder and denying joinder.

■ We adhere to this view, notwithstanding that "it seems well established as a general proposition that orders permitting or refusing the joinder of additional parties are not appealable, but are reviewable on appeal from a final judgment." See the annotation relating to the appealability of an order with respect to a motion for joinder of additional parties, 16 A.L.R.2d 1023, 1027 (1951).

Conceding that the general rule is subject to qualification, the aforesaid article says:

The general rule is subject to qualifications, which may make such an order appealable, (1) where it disposes of any substantive right of the parties; (2) in North Carolina, if it affects a substantial right of the appellant; (3) in Louisiana, if it works irreparable injury; and (4) generally, where a statute allowing an appeal from orders described therein, which otherwise might be classified as interlocutory and hence not appealable, is construed to embrace the order in question, as in Iowa, and North Dakota. (footnotes omitted)

Annot., 16 A.L.R.2d 1023, 1027 (1951).

■ We accordingly adhere to the position taken by this court in Bolton v. Donavan, 9 N.D. 575, 84 N.W. 357 (1900), in which we held that an order granting a motion to force joinder of an additional party defendant was appealable under R.C.1899 § 5626(4), a predecessor of N.D.C.C. § 28–27–02(5), as an order which involves the merits of an action.

As to the propriety of the order granting the motion, we think that part of what was said in *Fisher* is pertinent here:

If the defendants were negligent, and liable to the plaintiff for the death of her minor son, and if the defendants should contend that the deceased father was a joint tort-feasor, they can bring the estate of the father into this action by serving a third-party complaint on the administrator of the father's estate under Rule 14(a). No order of the trial court

would be required for serving such third-party complaint. Even if the father of the deceased child was a joint tort-feasor with the defendants, his liability as such tort-feasor would be joint and several, and the plaintiff would have the option of suing one or more of such joint tort-feasors as she chooses. The omitted wrongdoer is neither indispensable nor a necessary party under Rule 19. See Barron and Holtzoff, "Federal Practice and Procedure" (Wright), Vol. 2, Sec. 513.8, p. 127.

Fisher v. Mon Dak Truck Lines, Inc., supra, 713–714.

■ Following the views expressed therein, we are of the opinion that the trial court erred in forcing the plaintiff-father to join his son as a party defendant when the named party defendants, whom the plaintiff believed to be liable, had available to them under N.D.R.Civ.P. 14(a) the privilege as third-party plaintiffs of bringing the plaintiff's son into the action as a third-party defendant by serving a summons and complaint upon him.

The Dukarts contend that the trial court's order compelling the plaintiff to sue his son must be upheld under N.D.R.Civ.P. 19, not because the son is an indispensable or necessary party, but because he is a proper party; and that unless this court upholds the trial court it will in effect be abolishing Rule 19.

Without attempting here to determine when Rule 19 applies, we think it is sufficient to state that Rule 19 cannot be applied in this case to sustain the trial court's position.

Rule 19 reads:

### RULE 19. NECESSARY JOINDER OF PARTIES

(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be join-ed on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff, the reason therefor being stated in the complaint.

(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to service of process, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein does not affect the rights or liabilities of absent persons.

(c) Same: Names of Omitted Persons and Reasons for Non-Joinder to be Pleaded. In any pleading in which relief is asked, the pleader shall set forth the names, if known to him, of persons who ought to be parties if complete relief is to be accorded between those already parties, but who are not joined, and shall state why they are omitted.

North Dakota Rules of Civil Procedure.

Our view is supported by a number of texts and decisions.

Since the liability of joint tort-feasors is joint and several, the plaintiff may sue one or more as he chooses. The omitted wrongdoers are neither indispensable nor necessary. (footnote omitted)

2 W. Barron & A. Holtzoff, Federal Practice and Procedure § 513.8, at 127 (rules ed. C. Wright 1961).

■ If a wrongdoer is neither an indispensable nor a necessary party, a plaintiff in a tort action should not be required to join the wrongdoer as a defendant contrary to his view of the liability of the parties involved.

Professor Moore in his work on federal practice seems to be in accord with Barron & Holtzoff, saying:

Tort-feasors are not indispensable or necessary to an action against one of their number, because their liability is both joint and several. (footnote omitted)

3A J. Moore, Federal Practice ¶ 19.07 [1], at 2226 (2d ed. 1968).

In discussing Federal Rule 19, as it was revised in 1966, he comments:

The subdivision (a) definition of persons to be joined is not couched in terms of the abstract nature of their interests "joint," "united," "separable," or the like. See N.Y. Temporary Comm. on Courts, First Preliminary Report [Legis.Doc. 1957, No. 6(b), pp. 28, 233]; Developments in the Law [71 Harv.L.Rev. 880 (1958)]. It should be noted particularly, however, that the description is not at variance with the settled authorities holding that a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability. See 3 Moore's Federal Practice 2153 (2d ed. 1963); 2 Barron & Holtzoff, Federal Practice & Procedure § 513.8 (Wright ed. 1961). Joinder of these tortfeasors continues to be regulated by Rule 20; compare Rule 14 on third-party practice. (footnote omitted)

3A J. Moore, Federal Practice ¶ 19.01 [5.—3], at 2112 (2d ed. 1968).

In a recent federal court decision in which proper venue was dependent upon whether the action against one joint tort-feasor could be severed from the action against another joint tort-feasor, the court said:

A succession of authorities has stated that a joint tort-feasor is not an indispensable party. See Champion Spark Plug Company v. Karchmar, 180 F.Supp. 727 (S.D.N.Y.1960) quoting Martin v. Chandler, 85 F.Supp. 131, 132 (S.D.N.Y. 1949), 180 F.Supp. at 729:

"'It is hornbook law that one tort feasor, defendant in an action, may not claim that another, a joint tort feasor, is an indispensable party.'"

See also 3 Moore's Federal Practice, § 19.07, p. 2153:

"Tort feasors are not indispensable or necessary to an action against one of their number, because their liability is both joint and several."

O'Shatz v. Bailey, 220 F.Supp. 444, 447 (Md.1963).

See also: Humphrey v. Stanolind Oil & Gas Co., 232 F.2d 925 (5th Cir.1956).

Pursuant to the views expressed herein the order of the trial court is reversed.

TEIGEN, C. J., and PAULSON, KNUDSON and STRUTZ, JJ., concur.