Hullverson, Hullverson, Frank & Toft, Leonard A. Batterson, Jr., Stephan J. Glynias, St. Louis, for plaintiffs-appellants.

Keefe, Schlafly, Griesedieck & Ferrell, Bryan, Cave, McPheeters & McRoberts, George S. Hecker, Armstrong, Teasdale, Kramer & Vaughan, Walter R. Clark, St. Louis, for defendants-respondents.

McMILLIAN, Judge.

**Helen M. WEAVER, and other Individuals similarly situated as a class, Plaintiffs-Appellants,**

v.

**DISABLED AMERICAN VETERANS, and Colonial Penn Life Insurance Company, Defendants-Respondents.**

No. 34790.

Missouri Court of Appeals, St. Louis District, Division 1.

Jan. 9, 1973.

This is an appeal by plaintiff Helen M. Weaver from an order of the Circuit Court of the City of St. Louis sustaining the separate motions of defendants Colonial Penn Life Insurance Company, hereinafter referred to as "Colonial Penn," and Disabled American Veterans, hereinafter referred to as "DAV," to dismiss and strike the class action allegations from plaintiff's petition. The trial court's order was on the ground that any judgment or decree entered in the proceeding would not be binding on any member of the class except those members who appeared and became parties.

Originally, the appeal was filed in the Missouri Supreme Court on the theory that the trial court's action in ruling and the

rules of that court constituted a denial of due process. However, the Supreme Court upon consideration of the separate motion of each defendant to transfer, found that it lacked jurisdiction of this appeal, and transferred the cause here for further proceeding. In addition to the motions to transfer, defendants filed a motion to dismiss plaintiff's appeal on the grounds that the order entered by the trial court was not a final judgment for purposes of appeal within the meaning of Civil Rule 81.06, V.A.M.R., and § 512.020, RSMo 1969, V.A.M.S.

After oral arguments by the respective attorneys of the parties, we ordered the defendants' motion to dismiss the appeal to be taken with the case.

The question for decision is whether plaintiff's appeal should be dismissed on the ground that the order of the trial court was not a final order for purposes of appeal? We hold the order to be interlocutory and thus sustain defendants' motion to dismiss the appeal.

Briefly, plaintiff was the beneficiary of a life insurance certificate issued by Colonial Penn to her husband, Harold C. Weaver, under a Master Group Term Life Insurance Policy issued to DAV. Upon the death of her husband, plaintiff made a demand upon Colonial Penn for payment. When Colonial Penn refused payment, plaintiff filed a suit against Colonial Penn and DAV in two Counts. In Count I plaintiff sought to bring a class action against Colonial Penn individually, and on behalf of others similarly situated who were beneficiaries under the group life insurance policy. From the averments and the prayer, plaintiff's theory appears to be found upon the breach of the insurance contract.

In Count II plaintiff sought a judgment against DAV alone in tort. This Count also proceeded on the basis of a class action. Essentially plaintiff claimed that Colonial Penn had wrongfully terminated the group policy; that Colonial Penn and DAV engaged in litigation concerning its termination; that in settlement of such litigation DAV approved the termination of the group policy thus interfering with plaintiff's right under the certificate of insurance and the group policy, in violation of DAV's duty to use due care in attending to the master policy and certificates issued thereunder.

In this posture of the case, the trial court for the reason heretofore given dismissed and struck all class action averments in both Counts I and II. Section 512.020, RSMo 1969, V.A.M.S., provides that an appeal may be taken only from a final judgment; and our Supreme Court in Pizzo v. Pizzo, Mo., En Banc, 295 S.W.2d 377, ruled, " * * * a judgment to be final and appealable must dispose of all parties and all issues in the case and leave nothing for future determination. * * * " Here after dismissing the class action averments in both Counts there still remains before the court in Count I and II plaintiff's individual claims on the policy certificate and the alleged tortious mishandling of the Master Group Policy against Colonial Penn and DAV respectively. Obviously, these are matters for future determination.

The only exception to this rule which could have any relevance is Civil Rule 81.06 which says:

" * * * When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court

without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined. * * * "

First, there is nothing in the trial court's order dismissing the class action averments stating whether the order was final or interlocutory. Secondly, both defendants' motion to dismiss the class action averments satisfy the "separate trial" requirement of Civil Rule 81.06. See Title Insurance Corp. v. United States, Mo.App., 432 S.W.2d 787, 790, where Title Insurance Corporation had moved for a summary judgment claiming priority over all other claimants. One of the claimants was the United States which had recorded and filed a tax lien. When the property was sold, bringing $25,070.61, Title Insurance moved for a summary judgment. The motion was sustained and the court ordered a summary judgment for Title Insurance in the sum of $11,750.00 with interest. The court held the hearing on Title Insurance Corporation's motion for summary judgment was a separate trial before the court without a jury. It further held that the judgment entered for Title Insurance Corporation did not make a complete determination as to all the parties nor did it establish Title Insurance Corporation's lien priority. Therefore, since the trial court's order was silent as to the finality of its order, since the ruling on the motion was a separate trial in a non-jury case, the only

other question is whether the class action claim arose out of the same transactions, occurrences, or subject matter as plaintiff's individual claims or whether the two claims are entirely separate, independent and unrelated. In Byous v. Lawshee, Mo., 475 S.W.2d 47, 48, plaintiff sued in two Counts; Count I sought to set aside a warranty deed, and Count II sought an accounting of rents. It was held that the issues arose out of the same transaction. Granted they were separate transactions, in the sense that plaintiff did not receive her certificate at the same time that DAV received its Master Policy from Colonial Penn; however, both the occurrences and subject matter alternatives are satisfied. The entire controversy centered around Colonial Penn's individual insurance policy certificate issued to the deceased husband of plaintiff-beneficiary, and its liability under the Master Group Policy issued to DAV, and DAV's alleged mishandling of the Master Group Policy which adversely affected her claimed rights under the policy. In other words, the subject matter of the entire claim of plaintiff focuses on the certificate and the Master Group Policy.

Inasmuch as the trial court's order dismissing the class suit averments in Counts I and II did not dispose of plaintiff's individual claims against Colonial Penn and DAV, and her contract and tort claims were left for future determination, the judgment from which plaintiff has attempted to appeal is not final and appealable. Accordingly, the appeal is dismissed as premature.

WEIER, Acting P. J., CLEMENS, J., and JOHN CAVE, Special Judge, concur.