Patricia REVOIR, Plaintiff and Appellee,

v.

KANSAS SUPER MOTELS OF NORTH DAKOTA, INC., and Holiday Inns, Inc., of Tennessee, Defendants and Appellants.

Civ. No. 9048.

Supreme Court of North Dakota.

Oct. 31, 1974.

Degnan, McElroy, Lamb, Camrud & Maddock, Grand Forks, for defendants and appellants.

Murray, Mack, Moosbrugger & Leonard, Grand Forks, for plaintiff and appellee.

PAULSON, Judge.

This is a motion to dismiss the appeal from an order of the Grand Forks County District Court denying a motion to dismiss for the failure of Patricia Revoir to join an indispensable party.

On November 19, 1971, Patricia Revoir's husband, Charles Revoir, was struck by a truck and killed as he was walking along Interstate 29, about 10 miles north of Hillsboro. The decedent was alleged to have been in an intoxicated condition at the time of the accident.

The respondent, Patricia Revoir [hereinafter Mrs. Revoir], brought an action against the appellants, Kansas Super Motels of North Dakota, Inc., and Holiday Inns, Inc. of Tennessee [hereinafter appellants], pursuant to § 5–01–06, N.D.C.C., commonly known as the "Dram Shop Act" or the "Civil Damage Act". Mrs. Revoir contends that the death of her husband was proximately caused by the appellants' wrongfully furnishing liquor to her husband while he was in an intoxicated condition. Mrs. Revoir did not join either Midwest Motor Freight, Inc., the owner, or Richard Meissner, the driver, of the truck as a defendant in the action.

The appellants, on January 7, 1974, moved to dismiss the action on the ground that Patricia Revoir failed to join an indispensable party, namely, Midwest Motor Freight, Inc. or Richard Meissner, pursuant to Rule 12(b)(6) and Rule 19, N.D.R.Civ.P. The trial court denied the motion to dismiss on February 26, 1974, and stated:

"IT IS FURTHER ORDERED, that Midwest Motor Freight, Inc., and Richard Meissner are not indispensable parties to this action, and that in their absence, complete relief can be accorded among those already parties to the above entitled action."

The sole issue presented to this court is whether or not the order denying the appellants' motion to dismiss for failure to enjoin an indispensable party is an appealable order.

It is the general rule that an order permitting or refusing the joinder of additional parties is not appealable, but is reviewable on appeal from a final judgment. Wosepka v. Dukart, 160 N.W.2d 217 (N.D. 1968). The right to appeal from an order is statutory and is governed by § 28–27–02, N.D.C.C. If an order comes within the purview of this statute, it is appealable.

In the instant case, the appellants argue that the order is appealable because the order affects a substantial right and may well have the effect of determining the action and preventing a judgment from which an appeal might be taken [§ 28–27–02(1)]. The appellants further contend that

the order involves the merits of the action —specifically, the issue of damages and apportionment thereof between the defendants [§ 28–27–02(5)].

In Fisher v. MonDak Truck Lines, Inc., 150 N.W.2d 711 (N.D.1967), this court held that an order denying joinder of parties is not an appealable order and that such an order does not determine the action and prevent a judgment, nor does it involve the merits of the action between the plaintiff and the defendants.

Notwithstanding the appellants' arguments to the contrary, Fisher v. MonDak Truck Lines, *supra*, is controlling in the case at bar. We find no merit in the appellants' contention that the *Fisher* case is distinguishable from the case before us. A perusal of the *Fisher* decision firmly establishes that the procedural holding is not distinguishable in any manner and that *Fisher*, as stated, is controlling. The decision in the *Fisher* case was based upon the rationale that the defendant could implead additional parties under Rule 14(a) of the North Dakota Rules of Civil Procedure, and that the omitted wrongdoer was neither an indispensable nor a necessary party under Rule 19, N.D.R.Civ.P. Based upon this rationale, this court stated in *Fisher* that when the liability of tort-feasors is joint and several, the injured party has the option of suing one or more of the joint tort-feasors.

In the case before us, if, as the appellants contend, the actions of the owner or driver of the truck contributed directly to the cause of the injury, they would be joint tort-feasors with the appellants. In Truscott v. Peterson, 78 N.D. 498, 50 N.W.2d 245, 254 (1951), this court stated:

"Where a single injury is suffered as a consequence of the wrongful acts of several persons, all who contribute directly to cause the injury are jointly or severally liable, although there was no conspiracy or joint concert of action between them."

In *Truscott, supra*, 50 N.W.2d at 254, this court cited with approval the following language from McDonald v. Robinson, 207 Iowa, 1293, 1298, 224 N.W. 820, 821 (1929), wherein the Iowa court stated:

"'If the acts of two or more persons concur in contributing to and causing an accident, and but for such concurrence the accident would not have happened, the injured person may sue the actors jointly or severally, and recover against one or all, according to the proven or admitted facts of the case.'"

In Steuber v. Hastings Heating & Sheet Metal Company, 153 N.W.2d 804, 807 (N.D. 1967), this court stated:

"Concert of action is not necessary if the successive torts concur in producing the same indivisible injury. . . . Thus, where the independent tortious acts of two or more persons supplement one another and concur in contributing to and producing a single indivisible injury, such persons have in legal contemplation been regarded as joint tort-feasors, notwithstanding the absence of concerted action."

In Wosepka v. Dukart, *supra*, 160 N.W.2d at 219, the court cited 2 Barron & Holtzoff, Federal Practice and Procedure § 513.8, at page 127 (Wright ed. 1961), wherein Professor Wright stated:

"'Since the liability of joint tort-feasors is joint and several, the plaintiff may sue one or more as he chooses. The omitted wrongdoers are neither indispensable nor necessary.'"

In making their motion to dismiss pursuant to Rule 19, the appellants contend that Rule 19 has been amended, changing its intent, since the decision in the *Fisher* case, *supra*; and that Rule 19 is the only procedural method whereby the appellants may compel joinder of additional parties. We do not agree with the appellants' contention that Rule 19, N.D.R.Civ.P., allows a forcible joinder of additional defendants in the instant case.

The reasoning behind the intent of the amendment to Rule 19 was not to

abridge the long-time rule that the injured party has the option of suing one or more joint tort-feasors—the intent behind the amendment was to make it easier for judges and lawyers to determine who is a necessary or an indispensable party. There was no intent to limit the discretion of the trial court, but merely to spell out the factors to be considered by the court in making a determination as to joinder or non-joinder of a party. If it affects judicial discretion at all, the amendment elevates the role of judgmental discretion in a joinder problem. The weight given to the factors spelled out by Rule 19 must be determined by the trial court in terms of the facts in a given case. Wright & Miller, Federal Practice and Procedure: Civil § 1608 (1972). The effective operation of the Rule depends on the careful exercise of discretion by the trial court.

■ Under Rule 19, N.D.R.Civ.P., the right to join parties in an action is subject to the sound discretion of the trial court. In the instant case, a review of the record does not reveal any abuse of discretion on the part of the trial court either in denying the motion to dismiss for failure to join an indispensable party or in ordering that the parties sought to be joined are not indispensable to the action. In Wosepka v. Dukart, *supra*, 160 N.W.2d at 219, this court stated:

> "If a wrongdoer is neither an indispensable nor a necessary party, a plaintiff in a tort action should not be required to join the wrongdoer as a defendant contrary to his view of the liability of the parties involved."

■■ We disagree with the appellants' argument that the right to implead under Rule 14(a), N.D.R.Civ.P., is not available to them in the instant case. Rule 14 is available to any defending party. Under Rule 14(a), a defendant can implead any third party "who is or may be liable to him for all or part of the plaintiff's claim against him". This right to implead a third-party defendant under Rule 14 is available only against those persons who are or may be liable to a defendant for all or part of the plaintiff's

claim. The appellants conceded on oral argument that they at no time have either filed or served a third-party complaint in this action. Whether or not a third-party defendant may be impleaded under Rule 14 is a question addressed to the sound discretion of the trial court, when the defendant does not file his third-party complaint within ten days after serving his original answer.

■ We therefore hold that the order denying the appellants' motion to dismiss for failure to join an indispensable party does not determine the action and prevent a judgment nor does it involve the merits of the action. The order denying the motion to dismiss for failure to join an indispensable party is not an appealable order.

For reasons stated in the opinion, the order is not appealable and the appeal is accordingly dismissed.

ERICKSTAD, C. J., and JOHNSON, VOGEL and KNUDSON, JJ., concur.