Harlen ROGELSTAD, on behalf of
himself, and all others similarly
situated, Plaintiff-Appellant,

v.

FARMERS UNION GRAIN TERMINAL
ASSOCIATION, INC., a Minnesota
corporation, Defendant-Appellee.

Civ. No. 9038.

Supreme Court of North Dakota.

Oct. 31, 1974.

As Corrected Nov. 27, 1974.

Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, for plaintiff-appellant.

Pringle & Herigstad, Minot, for defendant-appellee.

ERICKSTAD, Chief Justice.

The appellee, Farmers Union Grain Terminal Association, has moved to dismiss an appeal taken from an order of the Ramsey County District Court.

The appellant, Harlen Rogelstad, initiated an action against the Farmers Union Grain Terminal Association, hereinafter GTA, claiming that GTA charged usurious interest rates on cash advanced to Rogelstad under grain purchase contracts entered into between the two parties. Rogelstad further claimed that GTA violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., by failing to disclose the interest rates on these same cash advances.

Subsequent to the joinder of issue, Rogelstad moved to amend his complaint so as to maintain the suit as a class action under the authority of Rule 23, N.D.R.Civ.P. Rogelstad sought to represent all those who had entered into grain purchase contracts with GTA, and who had received cash advances on those contracts.

Rogelstad's motion to maintain this suit as a class action was denied, and it is from the trial court's order denying class action status that he appeals.

The sole issue before us is whether the order denying class action status, but allowing the continuance of the individual claims, is appealable. It is an issue this Court has not previously entertained.

Our initial reference must be to § 28–27–02, N.D.C.C., for only those orders delineated in this statute constitute appealable orders. Charles F. Ellis Agency v. Berg, 214 N.W.2d 507 (N.D.1974). Rogelstad contends, and we agree, that if the instant order is to come within the purview of § 28–27–02, it must be included in Subsection 1, which reads:

"* * * The following orders when made by the court may be carried to the supreme court:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;"

Both parties, in an effort to aid us in the interpretation of our statute, have referred us to two federal doctrines that have evolved from cases in which the finality of certain orders, for purposes of determining their appealability, has been at issue. The first is the "termination of litigation," or "death knell," doctrine, first enunciated in Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2d Cir. 1966). Under this doctrine, orders denying class action status have been held to be appealable where the denial has the practical effect of terminating the action. Thus, in a case where the claim is small, an order denying class action status has been held to be appealable, the reasoning being that the plaintiff could not afford to maintain the suit individually. Korn v. Franchard Corp., 443 F.2d 1301 (2d Cir. 1971). Using this same reasoning in a companion case, an order denying class action status was held to be nonappealable where the claim was large enough to justify individual maintenance of the lawsuit. Milberg v. Western Pacific R. R. Co., 443 F.2d 1301 (2d Cir. 1971).

The second of the doctrines brought to our attention is the "Cohen," or "collateral order," doctrine. In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the United States Supreme Court decided that a district court order, requiring a plaintiff in a

derivative action to post a bond to cover litigation expenses, was final for purposes of appealing from that order. The reasoning of the court from which the doctrine emanated was that (1) the rights determined by the order were collateral to the merits of the case; (2) the question was too important to deny review at this point; and (3) the time for review was ripe because delay in review could mean that the rights would be irreparably lost.

We may look to these doctrines for the reasoning they contain, if it is applicable, but we decline to voice our decision solely in terms of either of them. We recognize, initially, that " * * * No verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future. * * * " Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732, 744 (1974).

Furthermore, federal decisions determining whether orders denying class action status are appealable do not involve the statutory bases which are extant in North Dakota.

The federal statutory scheme allows appeals from "all final decisions" of United States District Courts. 28 U.S.C. § 1291 (1970 Ed.) This establishes criteria for appealability that are obviously different from our own, as § 28–27–02, N.D.C.C., expressly allows appeals from interlocutory orders in certain instances. Additionally, the factors to be considered in reaching a decision of this nature, such as the over-all caseload of the court, the number of class actions brought in the jurisdiction, and the available methods of alternative review, may well deserve different weight in North Dakota than they do in a given federal jurisdiction. Any such difference accorded these factors militates against blanket adoption of the federal doctrine.

■ Analyzing the instant order in terms of § 28–27–02, N.D.C.C., it is clear that a substantial right was affected by the determination that the suit could not be maintained as a class action. Both the right to be represented and the right to share the expenses of litigation must be viewed as substantial.

The crucial question is whether such an order " * * * in effect determines the action and prevents a judgment from which an appeal might be taken;". Section 28–27–02, Subsection 1, N.D.C.C., supra. We believe that it does.

In Reader v. Magma-Superior Copper Co., 108 Ariz. 186, 494 P.2d 708 (1972), the Arizona Supreme Court was asked to determine whether a trial court's order dismissing the class action provisions of a complaint was appealable. Under a statute similar to ours, the Arizona court found that the order was appealable.

Reader involved a class action wherein the plaintiffs sought damages and an injunction to prevent the defendant copper company from polluting the air in Maricopa County. The Arizona Supreme Court based its decision on the fact that the individual plaintiffs were damaged only to the same extent as the general public, that the expenses of suit would be enormous, and, therefore, the individual plaintiffs could not be expected to bear the total expenses of the lawsuit. As we have stated, although this consideration is certainly relevant, we do not believe that the financial ability of the individual, as determined by the size of the claim, is the only factor to be considered when interpreting a statute such as § 28–27–02.

The position we have taken has been espoused in Miles v. N. J. Motors, 32 Ohio App.2d 350, 291 N.E.2d 758 (1972). In Miles, a class action was initiated wherein the plaintiffs alleged that they were the victims of fraudulent commercial practices utilized by defendants in conducting a used car sales business. The Ohio appellate court believed that the dismissal of the class action would not be the "death knell" of the action because an institutional advocate was prosecuting the action on behalf of the named plaintiffs. Nevertheless, the court

held that the order was appealable on the basis of the following reasoning:

"* * * [I]n considering the finality of the order dismissing the class action, the effect which the dismissal will have on the plainiffs' financial ability to proceed with the litigation is not the only consideration which must be carefully weighed. Several other factors militate in favor of a decision to review the order of the trial court at this time. For example, the members of the alleged class represented by the named plaintiffs in the case at bar will be without legal counsel as a result of the trial court's decision and the statute of limitations will continue to run on their claims. In addition, the fact that the order of the trial court striking the class action will not merge in a final judgment on the merits could prevent a fair disposition of this litigation." Miles v. N. J. Motors, 32 Ohio App.2d 350, 291 N.E.2d 758, 762 (1972).

Although the Ohio court did not refer to the statute which governed appealability in that state, research has revealed that the Ohio statutory scheme is essentially the same as North Dakota's. Ohio law provides that a final order is "An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, * * *" 3 Baldwin's Ohio R.C.Ann.1964, § 2505.02 at 13. Section 2505.03 states that appeals may be had from all final orders.

We believe the factors considered by the *Miles* court are relevant, and that consideration of them supports appealability in the instant case.

In this case, one of the claims was for an alleged violation of § 47–14–10, Subsection 1, N.D.C.C., an action having a four-year statute of limitations. It has been approximately twenty months since Rogelstad's claim accrued and conceivably there exist members of the alleged class whose claims accrued earlier. Inasmuch as fifteen months have elapsed since the commencement of this action, those so situated, if required to await a dismissal of this appeal, a trial, and a subsequent appeal from final judgment, may find that their actions have been barred before the ultimate resolution by this court of the class action issue. A dismissal of this appeal could have the effect of proliferating "preventive" lawsuits commenced by plaintiffs concerned that their cases would otherwise become outlawed by the statute of limitations before this case was determined.

Another factor to be considered is that the instant order does not affect, nor will it be affected by, the subsequent final judgment on the merits.

If Rogelstad should prevail on the merits in the trial court, the case could end at that point. It is conceivable that, being satisfied with his judgment, Rogelstad might decline to appeal the class action order. In that event, the trial court's determination that a class action was inappropriate would not be reviewed. Rogelstad would not, in this situation, afford the type of representation for the class that is intended by Rule 23, N.D.R.Civ.P.

If Rogelstad should appeal a favorable judgment, equally serious problems would arise. If the judgment were affirmed and the order denying class action status reversed, this court would be faced with the problem of fairly disposing of the case. An order could issue that the case be remanded for a determination of the members of the class; or, in the interest of fairness, a new trial maintained as a class action might be required. Without commenting on the relative merits of these approaches, it is apparent that neither produces a satisfactory result. The first, because of the *res judicata* effect of Rule 23, would expand the trial of a single $700.00 claim into a judgment for multiple plaintiffs in a potentially large amount. The second would nullify the "binding" effect on unnamed plaintiffs meant to be included in amended Rule 23.

We have considered our holding in Fisher v. Mon Dak Truck Lines, Inc., 150 N.W.2d 711 (N.D.1967), recently reaffirmed in Re-

voir v. Kansas Super Motels of North Dakota, Inc., and Holiday Inns, Inc., of Tennessee, 224 N.W.2d 549 (N.D.1974), and find that it is distinguishable from the case presently before us. In *Fisher*, the defendant moved, pursuant to Rule 19, N.D.R.Civ.P., for the joinder of a party defendant. The trial court issued an order denying the motion, and defendant appealed. We dismissed the appeal, stating in part that although defendant's motion under Rule 19 was denied, alternative methods of bringing in the other party remained, citing the possibility of utilizing Rule 14, N.D.R.Civ.P. Thus, the matter may have been cured prior to the final judgment of the case, rendering an appeal unnecessary. Furthermore, we stated that if the defendant prevailed on the merits of the action, the joinder issue would, in effect, be mooted, again obviating the necessity of an appeal.

■ In the instant case there is no possibility that the class action issue will be resolved prior to final judgment on the merits. Rule 23 provides the only means for maintaining a class action. The trial court's order is the final word on this issue. Although Rule 23(c)(1) provides that " * * * An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits," the order in this case was absolute. It was rendered after argument of the issue by the parties, and reflects the fullest consideration of the district court. It must be considered to be the trial court's final word on the class action issue. Rollinger v. J. C. Penney Co., 86 S.D. 154, 192 N.W.2d 699 (1971).

One final matter merits discussion. GTA has cited the case of Weaver v. Disabled American Veterans, 490 S.W.2d 341 (Mo.Ct. App.1973), in support of its proposition that an order denying class action status is not appealable. In *Weaver*, the Missouri court stated that such an order is not appealable because a judgment, to be final, must dispose of all parties and all issues in the case and leave nothing for future determination.

This standard is embodied in Rule 54(b), N.D.R.Civ.P., which states:

"Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. * * * *"

■ We have no precedent in North Dakota which dictates that Rule 54 applies to orders denying class action status. We have considered this matter, and believe that Rule 54 applies to decisions which finally dispose of causes of action, as opposed to matters collateral to the merits of a case, such as the determination that an action may not be maintained as a class action. See 6 Moore's Federal Practice, § 54.31 (2d Ed. 1974).

■ In conclusion, we hold that the order before us conclusively affects a substantial right, and that delaying the appeal would render review of the order inadequate. Furthermore, there is no interest of judicial economy furthered by delay.

Accordingly, we conclude that the order denying Rogelstad's motion to maintain this as a class action is appealable, and the motion by GTA to dismiss this appeal is denied.

KNUDSON, VOGEL and PAULSON, JJ., concur.

JOHNSON, Judge (specially concurring).

I concur in the essential analysis and the result reached in the majority opinion. As a point of clarification, I would present my further interpretation of the holding in this matter. The holding here determines, in effect, that an order denying class action status is an appealable order. The analysis

made requires such an interpretation under our statute. There is no necessity to apply to individual cases any of the varying standards which the federal courts have adopted to determine appealability.