Rocky BELDEN, Mary Lou Belden, Annette Diehl, Jeanine Somerville, and Karen Hoffner, Plaintiffs and Appellees,

v.

Brian & Lorraine HAMBLETON, SCI, EIC, and Louis Arnold, Defendants,

and

North Dakota Development Fund, Defendant and Appellant.

Misti ARNOLD, Val Karlsbraaten and Michael Schilousky, Plaintiffs and Appellees,

v.

SCI, Brian and Lorraine Hambleton, and EIC, Defendants,

and

North Dakota Development Fund, Defendant and Appellant.

Tom TRUAX, Pat Sautner, Mary Brown and Lucas Mellaas, Plaintiffs and Appellees,

v.

SCI, Brian and Lorraine Hambleton, and EIC, Defendants,

and

North Dakota Development Fund, Defendant and Appellant.

Nos. 960088 to 960090.

Supreme Court of North Dakota.

Oct. 22, 1996.

David E. Reich, of Pearce & Durick, Special Assistant Attorney General, Bismarck, for defendant and appellant.

Robert G. Ackre, of Ackre & Baer, Cando, amicus curiae on behalf of defendants Hambleton and SCI.

Albert Wolf, of Wheeler Wolf, Bismarck, amicus curiae on behalf of Independant Community Banks of North Dakota.

Jack McDonald, of Wheeler Wolf, Bismarck, amicus curiae on behalf of Esmond Investment.

Marilyn Foss, Bismarck, amicus curiae on behalf of North Dakota Bankers Association.

NEUMANN, Justice.

The North Dakota Future Fund appeals an order joining the Fund as a defendant to satisfy the unsecured wage claims of former employees of Safe Corporation International, Inc. We hold the order joining the Fund is not an appealable order. Under our supervisory jurisdiction, however, we direct the district court to dismiss the Fund as a party defendant.

The North Dakota Future Fund (the Fund) entered into a loan agreement with Safe Corporation International, Inc. (SCI) on September 10, 1992. The loan agreement gave the Fund a security interest in SCI's accounts receivable, inventory, machinery and equipment, enabling the Fund to take possession of the collateral and dispose of it upon default of SCI's loan repayment obligations. SCI defaulted on the loan. On February 14, 1995, SCI transferred its personal property, equipment, and assets to the Fund under a Bill of Sale. The Bill of Sale gave SCI ninety days to make payments or the assets would be sold. On June 8, 1995, after no payments were made, the Fund held a liquidation sale.

Simultaneous to the Fund's actions, employees of SCI brought an action in small claims court against SCI for unpaid wages. The claim was removed to district court. On March 13, 1996, the district court, acting on

its own motion, joined the Fund as a party defendant to the wage claim action under Rule 19, N.D.R.Civ.P. The court also ordered the Fund to deposit the money from the liquidation sale with the court. The Fund appealed the joinder order and moved the district court to stay the deposit order pending the appeal. The stay was denied on the grounds the deposit order was not a final order, and thus, not appealable. The Fund appeals the order joining them as defendants in the wage claim, asserting a secured creditor does not have an obligation to satisfy the unsecured wage claims of former employees.

█ Before we examine the matter on the merits, we must first determine whether the order from which the Fund seeks to appeal is an appealable order. "The right to appeal is a jurisdictional matter which we may consider sua sponte." *Johnson v. King*, 325 N.W.2d 254, 256 (N.D.1982).

█ This is an interlocutory appeal and is ordinarily not appealable because it is not the final disposition of the action on appeal. *B.H. v. K.D.*, 506 N.W.2d 368, 371 (N.D. 1993). "It is the general rule that an order permitting or refusing the joinder of additional parties is not appealable, but is reviewable on appeal from a final judgment." *Revoir v. Kansas Super Motels of N.D., Inc.*, 224 N.W.2d 549, 550 (N.D.1974).

█ However, some orders are appealable even though they are not a final disposition of a case. In order to successfully appeal an interlocutory order, the order must fall within the list of appealable orders codified in N.D.C.C. § 28–27–02.

The Fund cites *Wosepka v. Dukart*, 160 N.W.2d 217, 218 (N.D.1968), as authority supporting its contention that the joinder is appealable. In *Wosepka*, the court accepted review of a joinder under N.D.C.C. § 28–27–02(5) as an order involving the merits of the action. *Id.* The court distinguished *Wosepka* from other joinder appeals based on the fact the joinder had been forced by the defendant. *Id.* In *Wosepka*, the defendant had successfully joined another party defendant forcing the plaintiff to proceed against a defendant the plaintiff did not wish to sue. *Id.* Because the plaintiff did not want the

defendant joined, the court determined the order affected the merits of the action and was appealable. *Id.* (citing *Bolton v. Donavan*, 9 N.D. 575, 84 N.W. 357 (1900)).

█ *Wosepka* was decided almost thirty years ago. Since that time, the finality doctrine, limiting the appealability of interlocutory issues, has been further developed in North Dakota. The prevailing rule under this doctrine is that most orders which are not final judgments are not appealable. *See, e.g., Vinje v. Sabot*, 477 N.W.2d 198, 199 (N.D.1991) (finding an order denying summary judgment to be interlocutory and not appealable); *Barth v. Schmidt*, 472 N.W.2d 473, 475 (N.D.1991) (determining an order allowing the amendment of a pleading is subject to revision by the district court, not final, and not appealable); *Gast Const. Co., Inc. v. Brighton Partnership*, 422 N.W.2d 389 (N.D.1988) (declining an appeal when there were unadjudicated claims remaining to be resolved in the trial court). This doctrine is supported by sound reasoning. If interlocutory appeals were not restricted, "proceedings in any action could be halted at any time, to await the determination of appeals from each and every order made during the life of the case, and final judgment thus could be prevented or delayed for interminable periods of time." *Fisher v. Mon Dak Truck Lines, Inc.*, 150 N.W.2d 711, 714 (N.D.1967). Furthermore, interlocutory orders are not final decisions, but are subject to revision by the trial court at any time before the entry of judgment adjudicating all the claims. *Gillmore v. Morelli*, 425 N.W.2d 369, 370 (N.D.1988). It would be premature to review an order before the district court has entered a final judgment. Reviewing orders only upon final adjudication avoids the longstanding policy against piecemeal litigation. *Hennebry v. Hoy*, 343 N.W.2d 87, 90 (N.D.1983); *Union State Bank v. Woell*, 357 N.W.2d 234, 237 (N.D.1984). Therefore, "[s]ubject to appropriate exceptions ... a final decision will generally be required for a civil appeal." *Stuckle v. Stuckle*, 427 N.W.2d 96, 101 (N.D.1988) (Meschke, J., concurring) (providing an in depth review of the development of North Dakota's finality doctrine).

We need not determine whether *Wosepka* would be followed in light of these developments. Even if *Wosepka* continues to be good law, this case is still not appealable. Here, the original defendant, SCI, did not move to join the Fund, but rather, the district court joined the Fund *sua sponte*. The plaintiffs, SCI's former employees, have not appealed the joinder. Nothing in the record suggests the plaintiffs do not want the Fund joined as a defendant. Because the plaintiffs are not being forced to sue a defendant against their wishes, we find this situation to fall under the general rule that an order joining parties is not an appealable order. *See Fisher*, 150 N.W.2d at 714.

In the event this court found the joinder order is not appealable, the Fund requested supervision of the case during oral argument, under Article VI, § 2, of the North Dakota Constitution. The power to issue a supervisory writ and exercise jurisdiction over a case is discretionary. *B.H.*, 506 N.W.2d at 372. It is used to prevent injustice in extraordinary cases when no other remedy is adequate or allowed by law. *Odden v. O'Keefe*, 450 N.W.2d 707, 708 (N.D. 1990).

The district court joined the Fund as a party defendant on its own initiative. No motions or pleadings were made by either party asserting the Fund should be joined. We understand the district court's reason for joining the Fund was, no doubt, pursuit of justice for the unpaid wage earners. But, in acting on its own motion, the district court stepped beyond the bounds of its role as an impartial adjudicator. Because the court joined the Fund *sua sponte*, pleadings were not filed concerning the joinder. This handicaps the Fund's procedural options in the district court. Without pleadings, the Fund cannot ask for a judgment on the pleadings, move for summary judgment, or even argue the joinder is a frivolous action, violating Rule 11, N.D.R.Civ.P. There is no way for the Fund to test the legality of the claim before the matter goes to trial. Consequently, we believe supervision is appropriate.

The Fund has established a perfected security interest under N.D.C.C. chapter 41-09. Section 41-09-50, N.D.C.C., provides secured creditors with priority in the proceeds of the disposition of collateral; there is no obligation to pay the unsecured creditors from the proceeds of secured collateral. *See also* N.D.C.C. § 41-09-38 (providing the mere existence of a security interest does not impose contract or tort liability upon the secured party for the debtor's acts or omissions.) Accordingly, the Fund is entitled to the proceeds from SCI's personal property, equipment, and assets, before the unsecured wage earners. Under Rule 19, N.D.R.Civ.P., "a person ... must be joined as a party in the action if (i) in the person's absence complete relief cannot be accorded among those already parties." Here, although the employee's recovery against SCI may be limited due to the Fund's security interest, there appears to be no legal basis to make the Fund liable to unsecured creditors. Because the Fund's absence will not affect the employee's relief against SCI, the Fund is not a party "needed for just adjudication" of the employees' claim under Rule 19, N.D.R.Civ.P. We, therefore, grant the supervisory writ and direct the court to dismiss the Fund as a party defendant and return the sale proceeds to the Fund.

VANDE WALLE, C.J., and SANDSTROM, MARING and MESCHKE, JJ., concur.