**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerry Cozby, Plaintiff,

vs.

Kent Huntley Oliver, Thompson Construction Group, Inc., Curtis Ouellette, and Quality Haulers, Inc., Defendants,

of which Kent Huntley Oliver and Thompson Construction Group, Inc., are Respondents.

AND

Dean Alan Arender and Tamala Arender, Appellants,

vs.

Kent Huntley Oliver, Thompson Construction Group, Inc., Curtis Kent Ouellette, and DMX Transportation Services, Inc., Defendants,

of which Kent Huntley Oliver and Thompson Construction Group, Inc. are Respondents.

AND

Kent Huntley Oliver, Respondent,

vs.

Curtis Kent Ouellette, Quality Haulers, Inc., Dean Alan Arender, US XPRESS Leasing, Inc., and US XPRESS, Inc., Defendants,

of which Dean Alan Arender, US XPRESS Leasing, Inc., and US XPRESS, Inc., are Appellants.

Appellate Case No. 2024-000742

Appeal From Newberry County
Appeal From Sumter County
R. Kirk Griffin, Circuit Court Judge

Opinion No. 6134
Submitted November 3, 2025 – Filed February 4, 2026

**DISMISSED**

Mark Steven Barrow and Marshall Collin Crane, both of
Sweeny Wingate & Barrow, PA, of Columbia, for
Appellants Dean A. Arender, US XPRESS Leasing, Inc.,
and US XPRESS, Inc.

James David George, Jr. and Jacob Born, both of
Columbia, for Appellants Dean A. Arender and Tamala
Arender.

G. Murrell Smith, Jr., of Smith Robinson Holler DuBose
Morgan, LLC, of Sumter, Frederick Newman Hanna, Jr.,
of Smith Robinson Holler DuBose Morgan, LLC, of
Columbia, Carl Everette Pierce, II, and Daniel Francis
Lynch, IV, both of Pierce, Sloan, Wilson, Kennedy &
Early, LLC, of Charleston, all for Respondents Kent H.
Oliver and Thompson Construction Group, Inc.

Justin Joaquin Arenas, of Derrick Law Firm, of Conway,
and Joseph V. Camerlengo and Jessica L. Lanifer, both
of Jacksonville, FL, all for Respondent Kent H. Oliver.

**THOMAS, J.:**  Dean Alan Arender, Tamala Arender, US XPRESS Leasing, Inc., and US XPRESS, Inc. (Appellants) appeal the circuit court's order granting a motion for permissive joinder and consolidation filed by Kent Huntley Oliver and Thompson Construction Group, Inc. (Respondents).  We dismiss the appeal as interlocutory and not immediately appealable.

Four individuals were involved in a multi-vehicle car accident that occurred on Interstate 26 in Newberry County, and three lawsuits were filed—one in Sumter County and two in Newberry County.[1]  Respondents moved to join and consolidate the two Newberry County actions with the Sumter County action.  By order filed February 13, 2024, the court found the requirements of Rule 20(a) of the South Carolina Rules of Civil Procedure regarding permissive joinder were satisfied. Thus, the court granted the motion and denied Appellants' motions to reconsider. This appeal follows.

"An appeal ordinarily may be pursued only after a party has obtained a final judgment." *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005).  "[A]n appellate court should look to the effect of an interlocutory order to determine its appealability." *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 304, 705 S.E.2d 475, 479 (Ct. App. 2011).  "The right of appeal arises from and is controlled by statutory law." *Hagood*, 362 S.C. at 194, 607 S.E.2d at 708.  "The determination of whether a party may immediately appeal an order issued before or during trial is governed primarily by" section 14-3-330 of the South Carolina Code.  *Id.* at 195, 607 S.E.2d at 708.  Under section 14-3-330, this court reviews on appeal:

> (1) Any intermediate judgment, order or decree in a law case *involving the merits* in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;

---

[1] A fourth action was filed with the Newberry County Arbitration Panel and is not at issue here.

(2) An order *affecting a substantial right* made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;

(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and

(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

S.C. Code Ann. § 14-3-330 (2017) (emphases added).

We first note the order on appeal does not relate to an injunction or appointment of a receiver. *See* § 14-3-330(4). It is not a final order made in any special proceeding or upon a summary application in an action after judgment. *See* § 14-3-330(3). Thus, to be immediately appealable under the statute, it must either involve the merits to meet section 14-3-330(1) or affect a substantial right and "in effect determine[] the action and prevent[] a judgment from which an appeal might be taken or discontinue[] the action" under section 14-3-330(2)(a).[2]

*Involving the Merits*

Appellants argue the order is appealable because it involves the merits under section 14-3-330(1). We disagree.

In reliance on their argument, Appellants cite *Wosepka v. Dukart*, 160 N.W.2d 217 (N.D. 1968). The court in *Wosepka* recognized the "general proposition that orders permitting or refusing the joinder of additional parties are not appealable, but are reviewable on appeal from a final judgment." *Id.* at 218 (quoting 16 A.L.R.2d 1023, 1027 (1951)).[3] However, the court held that an order requiring a plaintiff to

---

[2] The order does not grant or refuse a new trial or strike an answer or pleading; thus, it does not meet subsections (b) or (c) of section 14-3-330(2).

[3] 16 A.L.R.2d 1023, § 3(a) (1951) now reads: "[I]t is generally held that an order requiring, or permitting, or refusing to permit, the joinder of additional parties is not appealable, since it is interlocutory and not final in nature."

make his son a party defendant was immediately appealable because it involved the merits.  *Wosepka*, 160 N.W.2d at 219.  The North Dakota Supreme Court has since called into doubt the *Wosepka* decision, stating "*Wosepka* was decided almost thirty years ago.  Since that time, the finality doctrine, limiting the appealability of interlocutory issues, has been further developed in North Dakota.  The prevailing rule under this doctrine is that most orders which are not final judgments are not appealable."  *Belden v. Hambleton*, 554 N.W.2d 458, 460 (N.D. 1996).  The court in *Belden* noted that *Wosepka* involved a plaintiff being forced to sue a defendant against his wishes; thus, it did not need to decide if it was still good law.  *Id.* at 461.  In this case, the plaintiffs are not being forced to sue any defendants against their wishes; rather, Appellants are all already parties.[4]  We do not find *Wosepka* persuasive.  Rather, we find the order on appeal does not involve the merits of this action, which generally involve allegations of negligence.

*Substantial Right*

Appellants argue the order granting permissive joinder is immediately appealable under section 14-3-330(2)(a) because it affects a substantial right and determines the action and prevents a judgment from which an appeal may be taken.  We disagree.

Appellants rely on the South Carolina Supreme Court decisions in *Morrow v. Fundamental Long-Term Care Holdings, LLC*[5] and *Neeltec Enterprises, Inc. v. Long*[6], both of which we find distinguishable.  In *Morrow*, our supreme court found that an order bifurcating a trial by requiring a plaintiff to first be successful in its claim against a nursing home before proceeding against the nursing home's corporate entity was immediately appealable because the plaintiffs had direct liability claims against the corporate entity rather than solely vicarious liability claims.  412 S.C. at 539, 773 S.E.2d at 146 (finding by considering the plaintiffs' claims as merely vicarious, the order on appeal essentially granted summary judgment to the corporate entity on the plaintiffs' direct liability claims and deprived the plaintiffs of bringing their action against the defendant of their choosing).  In *Neeltec*, our supreme court held an order requiring a plaintiff to substitute two corporations as defendants in lieu of the individual the plaintiff originally named in the complaint was immediately appealable because it

---

[4] We address Appellants' argument that they are being forced to sue their employers against their wishes below.
[5] 412 S.C. 534, 773 S.E.2d 144 (2015).
[6] 397 S.C. 563, 725 S.E.2d 926 (2012).

"effectively discontinue[d] [the plaintiff's] suit against [the individual], thus bringing the order under [section 14-3-330(2)(a)]." 397 S.C. at 566, 725 S.E.2d at 928.

We have found no published opinion in South Carolina reviewing the appealability of an order granting permissive joinder.[7] Furthermore, we find no guidance from *Morrow* and *Neeltec* because the effect of those orders was to deprive the plaintiffs of the ability to maintain their lawsuits against certain defendants. Accordingly, we look to the effect of the order on appeal before us. *See Morrow*, 412 S.C. at 538, 773 S.E.2d at 146 ("[T]he question of whether an order is immediately appealable is determined on a case-by-case basis."); *Thornton*, 391 S.C. at 304, 705 S.E.2d at 479 ("[A]n appellate court should look to the effect of an interlocutory order to determine its appealability . . . ."); *State v. Wilson*, 387 S.C. 597, 601, 693 S.E.2d 923, 925 (2010) ("The provisions of section 14-3-330 . . . have been narrowly construed, and the immediate appeal of orders issued before or during trial generally has not been permitted."). We find the effect of this order is akin to adding parties to litigation or granting a motion to change venue, neither of which impacts a substantial right or determines the action and prevents a judgment from which an appeal may be taken under section 14-3-330(2)(a). *See Duncan v. Gov't Emps. Ins. Co.*, 331 S.C. 484, 485, 449 S.E.2d 580, 580 (1994) (concluding neither making a third party a defendant nor granting a request to intervene is immediately appealable); Wallace K. Lightsey, 15 S.C. Jur. *Appeal and Error* § 23(a) (Dec. 2025 Update) ("An order joining a party as an additional defendant in an action is not directly appealable."); *id*. at § 21(c) ("An order granting or refusing a motion for change of venue is interlocutory and not immediately appealable."). We find the order is not immediately appealable under section 14-3-330(2)(a). *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) ("Ordinarily orders granting or denying joinder or substitution are not final." (quoting 15B Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3914.18 (2d ed. 2002))); *id.* (alteration in original) ("Such orders are usually not final because under Rule 21 '[m]isjoinder of parties is not a ground for dismissing an action.'" (quoting Rule 21, Fed. R. Civ. P.)).

*Other Appealability Arguments*

---

[7] We note that orders *denying* joinder are generally not immediately appealable. *See Marshall v. Winter*, 250 S.C. 308, 312, 157 S.E.2d 595, 596–97 (1967) (finding an order denying a motion to bring in additional parties was unappealable prior to final judgment).

Appellants also argue the order is appealable as violating its substantial right to a particular mode of trial—a workers' compensation action—by requiring employees to pursue tort actions against their employers. *See Flagstar Corp. v. Royal Surplus Lines*, 341 S.C. 68, 72, 533 S.E.2d 331, 333 (2000) ("Pursuant to § 14-3-330(2), this Court has held on numerous occasions that when a trial court's order deprives a party of a mode of trial to which it is entitled as a matter of right, such order is immediately appealable. . . . Failure to immediately appeal such an order forever bars appellate review."). In reviewing the order on appeal before us, we find no creation of any new claims nor any requirement for an employee to maintain tort actions against an employer. Trying the cases together would not require the employee-plaintiffs to add claims against their employers, who are defendants for other drivers involved in the accident. We find no merit to this argument. *See* Rule 20(a), SCRCP (governing permissive joinder and stating, "[a] plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded").

Finally, Appellants argue the order is immediately appealable under *Simon v. Strock*, 209 S.C. 134, 140, 39 S.E.2d 209, 211 (1946), in which our supreme court reversed the trial court's order allowing defendants to join the action. However, the court in *Simon* did not discuss the appealability of the order on appeal. "The fact that an appellate court may have decided an appeal of a particular type of order on the merits is not dispositive of whether the order is appealable when the issue of appealability was not raised." *Breland v. Love Chevrolet Olds, Inc.*, 339 S.C. 89, 95, 529 S.E.2d 11, 14 (2000).

Here, appealability is determined by section 14-3-330, and we find the order on appeal does not meet any of the requirements provided in that section. Thus, we dismiss the appeal as premature.

**DISMISSED.**[8]

**WILLIAMS, C.J., and CURTIS, J., concur.**

---

[8] We decide this case without oral argument pursuant to Rule 215, SCACR.