## PETER MARQUART v. H. B. SCHAFFNER.

(152 N. W. 660.)

**Amended complaint — order of district court allowing — appeal therefrom — no provision for.**

> Section 7841, Comp. Laws 1913, does not provide for an appeal from the district to the supreme court from an order allowing an amended complaint to be filed.

Opinion filed April 24, 1915.

Appeal from the District Court of Dunn County, *Crawford,* J. Appeal dismissed.

*F. E. McCurdy,* for appellant.

The complaint in justice court must be so explicit as to inform the defendant of the nature of plaintiff's claim, and that a judgment thereon will be a bar to another suit on the same cause. 24 Cyc. 558, 563 and notes.

A defective statement or pleading will afford no basis for allowing an amendment. Maxwell v. Quimby, 90 Mo. App. 469; Lamb v. Bush, 49 Mo. App. 337; Lustig v. Cohen, 44 Mo. App. 271; Dahlgren v. Yocum Bros. 44 Mo. App. 277; Nelson v. Barker, 3 McLean, 379, Fed. Cas. No. 10,101; Brigham v. Este, 2 Pick. 420; Terra Haute & I. R. Co. v. Zehner, 3 L.R.A.(N.S) 297 note.

*T. F. Murtha* and *George H. Purchase,* for respondent.

The requirement that the justice enter in his docket a concise statement of each pleading made orally, is merely directory. Rev. Codes, 1905, §§ 8350, 8378, Comp. Laws, 1913, §§ 9011, 9039; Sinnamon v. Melbourn, 4 G. Greene, 309.

The district court had authority, and it was the duty of such court, to permit plaintiff to file a new complaint, even in the absence of any complaint in justice court. Bergman v. Margeson, 31 S. D. 1, 139 N. W. 374; Simon v. Spiro, 124 Mich. 484, 83 N. W. 146; Hilliard v. Loeb, 31 S. D. 329, 140 N. W. 703.

The objection that a cause of action is barred by the statute of limitations must be made by answer. Rev. Codes, 1905, §§ 6770, 6796, Comp. Laws 1913, §§ 7358, 7384.

It is not necessary to serve a complaint with the summons in an action in justice court, and as long as the cause of action is foreshadowed in the summons, the complaint when made and filed relates back to the commencement of the action. 31 Cyc. 464; Love v. Southern R. Co. 108 Tenn. 104, 55 L.R.A. 471, 65 S. W. 475; Sanger v. Newton, 134 Mass. 308; Cogswell v. Hall, 185 Mass. 455, 70 N. E. 461; Elting v. Dayton, 67 Hun, 425, 22 N. Y. Supp. 154.

PER CURIAM. The facts in these cases are in all material matters identical with those in Holobuck v. Schaffner, post, 344, 152 N. W. 660, just decided by this court. For the reasons therein stated the appeals are hereby dismissed.