## EMIL HOLOBUCK v. H. B. SCHAFFNER.

(152 N. W. 660.)

**Amended complaint — order allowing — appeal from — does not lie.**

> Section 7841, Comp. Laws 1913, does not provide for an appeal from the district to the supreme court from an order allowing an amended complaint to be filed.

Opinion filed April 24, 1915.

Appeal from the District Court of Dunn County, *Crawford,* J.

Appeal dismissed.

*F. E. McCurdy,* for appellant.

A justice has no power to receive pleadings after the expiration of the time prescribed by law. Mattice v. Litcherding, 14 Minn. 142, Gil. 110; Holgate v. Broome, 8 Minn. 243, Gil. 209.

The rule allowing amendments in justice court is liberal. But the amendment here is too indefinite, and is not sufficiently specific to identify the claim attempted to be set forth. 24 Cyc. 558, and note 76; Nelson v. Barker, 3 McLean, 379, Fed. Cas. No. 10,101; Brigham v. Este, 2 Pick. 420; Bricken v. Cross, 163 Mo. 449, 64 S. W. 99.

Neither can an amendment which seeks to or actually does state a new cause of action be allowed. Where the original complaint failed to state a cause of action, and the claim became barred by the running of the statute of limitations, and an amended complaint was thereafter offered setting forth facts sufficient, but on the *Barred Claim,* such amended complaint sets forth a new cause of action in new counts,—one never before pleaded. Eylenfeldt v. Illinois Steel Co. 165 Ill. 185, 46 N. E. 266.

Where the declaration fails to set forth a cause of action, after the statute of limitations has run, plaintiff will be denied the right to set up and allege new and different grounds on which to base his claim for damages. Illinois C. R. Co. v. Campbell, 170 Ill. 163, 49 N. E. 314.

*T. F. Murtha* and *George H. Purchase,* for respondent.

A complaint in justice court may be oral or written. Rev. Codes

1905, § 8376, Comp. Laws 1913, § 9037; Sinnamon v. Melbourn, 4 G. Greene, 309.

The district court has authority, and it is its duty, to permit the plaintiff to file a new complaint therein. Bergman v. Margeson, 31 S. D. 1, 139 N. W. 374; Simon v. Spiro, 124 Mich. 484, 83 N. W. 146; Hilliard v. Loeb, 31 S. D. 329, 140 N. W. 703.

The objection that a cause of action is barred by the statute of limitations must be by answer. Rev. Codes 1905, §§ 6770, 6796, Comp. Laws 1913, §§ 7358, 7384; Amended Laws, 1911, p. 297.

Where the complaint is fairly foreshadowed by the summons, the complaint, either original or amended, relates back to the time of the commencement of the action. 31 Cyc. 464; Love v. Southern R. Co. 108 Tenn. 104, 55 L.R.A. 471, 65 S. W. 475; Sanger v. Newton, 134 Mass. 308; Cogswell v. Hall, 185 Mass. 455, 70 N. E. 461; Elting v. Dayton, 67 Hun, 425, 22 N. Y. Supp. 154; Chamberlain-Wallace Co. v. Akers, 26 N. D. 395, 144 N. W. 715.

BURKE, J. In June, 1913, plaintiff brought action against the defendant in justice court for damages alleged to have been received on account of the trespass of domestic animals. Judgment was entered by default in favor of plaintiff, and appeal taken to the district court. When the case was called for trial in said district court, and before any testimony was taken, plaintiff's attorney prepared and handed to the attorney for the defendant copies of an amended complaint in such action, but no application was made to the trial court for an order allowing the same to be substituted for the original and filed. At the close of all the testimony, application was made to the court for leave to file the amended complaint. Such leave was granted by the court upon condition that said plaintiff pay to the defendant a term fee of $10, and that the defendant be allowed time to prepare and serve an answer thereto. From this order, defendant has appealed.

(1) Section 7841, Comp. Laws 1913, covers the matter of appeal from orders from the district to the supreme court, and reads as follows: "What Orders Reviewable.—The following orders when made by the court may be carried to the supreme court:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"3. When an order grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction, or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 8074 of this Code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial; or when it sustains or overrules a demurrer.

"4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer; answer or reply on account of the frivolousness thereof.

"5. Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice, which vacate or refuse to set aside orders previously made without notice, may be appealed to the supreme court when, by the provisions of this chapter, an appeal might have been taken from such order so made without notice, had the same been made upon notice."

The order from which the appeal in the case at bar is taken does not come under any of the above subdivisions, and is clearly not appealable. If an appeal were allowed from this order, skilful litigant by succession of such appeals could greatly delay, if not entirely prevent, final judgment in any case. The authorities are to be found in the annotations following said section in the 1913 Compiled Laws, and we will not reproduce them here. Appeal is accordingly dismissed.