**Elmer TRAUTMAN, Plaintiff and Appellant,**

v.

**KEYSTONE DEVELOPMENT CORPORATION and Wayne Jennings, Defendants and Respondents.**

**No. 8408.**

Supreme Court of North Dakota.

Feb. 29, 1968.

Thompson, Lundberg & Nodland, Bismarck, for appellant.

Rausch & Chapman, Bismarck, for respondents (appearance in trial court only).

ERICKSTAD, Judge (on reassignment).

The plaintiff, Elmer Trautman, appeals from an order of the District Court of Burleigh County dated November 15, 1966, in which the court vacated a judgment entered in the above-entitled action and granted permission to the defendants, Keystone Development Corporation and Wayne Jennings, to interpose an answer or other responsive pleading to the complaint.

The complaint upon which the default judgment was based asserted that Mr. Trautman had entered into a contract to buy four lots from the defendants and that at the time of the execution of the contract he paid them $1,000, which was to be applied on the purchase price of the last of the four lots to be purchased by him; that Mr. Trautman purchased two of the lots, for which he paid the full purchase price, but that later the defendants sold the other two

lots to a third party, thereby making conveyance of those lots to Mr. Trautman impossible; and that Mr. Trautman had repeatedly demanded either conveyance of those lots or a return of the $1,000, but that the defendants refused. In the prayer for relief the complaint asked for judgment against the defendants in the sum of $1,000, with interest from February 1, 1965.

When neither the corporation nor Mr. Jennings interposed an answer nor appeared in any manner following the service of the summons and complaint upon Mr. Jennings as president of the corporation and upon him as an individual on June 28, 1966, Mr. Trautman proceeded to obtain a default judgment on July 25, 1966. On September 8, 1966, the defendants served upon the attorneys for Mr. Trautman a motion which asked the court to vacate the judgment and permit the defendants to interpose an answer or other responsive pleading. In addition, the notice of motion, an affidavit in support of the motion, and an answer were served upon counsel for Mr. Trautman on that date.

The affidavit attempted to set forth facts disclosing excusable neglect which would justify the court in relieving the defendants from the judgment under N.D.R.Civ.P. rule 60(b). The affidavit and the answer also included what the defendants thought to be a meritorious defense. In resistance to the motion a return was made, and affidavits of Mr. Trautman and his counsel were filed. On this record the district court entered the order granting the motion to vacate the judgment. It is from this order that the appeal is taken.

On appeal, counsel appeared for Mr. Trautman, presented oral argument, and filed a brief on his behalf. No appearance was made for the defendants nor was any brief filed in their behalf.

Mr. Trautman's specifications of error, oral arguments, and the arguments presented in his brief were mainly to the effect that the trial court abused its discretion in granting the order.

In support of his contention that the trial court abused its discretion in granting the motion to vacate the judgment, Mr. Trautman argued that the evidence submitted was insufficient to show excusable neglect and a meritorious defense, and that without such a showing the defendants are not entitled to relief under N.D.R.Civ.P. rule 60(b).

■ We do not attempt to determine those questions. Our view is that they are not before us, because the order granting the motion to vacate the judgment is purely interlocutory and is therefore not an appealable order. 3 W. Barron & A. Holtzoff, Federal Practice and Procedure § 1332, at 434 (rules ed. 1958, Supp.1967).

In a recent decision of the Court of Appeals of Kentucky, that court adopted the view which it said was followed in the federal courts:

Under the text authorities on the Federal Rules, 28 U.S.C.A., and under decisions of the Federal Courts, it is held that an order or judgment in a proceeding under Rule 60(b), setting aside a judgment and directing further proceedings in the case, is not appealable, because it does not finally determine any claim. Moore's Federal Practice, Second Edition, Vol. 7, par. 60.30(3), p. 342; Barron & Holtzoff, Federal Practice and Procedure, Rules Edition, Vol. 3, sec. 1332, p. 434; Stathatos v. Arnold Bernstein S.S. Corp., 2 Cir., 202 F.2d 525; United States v. Agne, 3 Cir., 161 F.2d 331.

Hackney v. Hackney, 327 S.W.2d 570, 571 (Ky. 1959).

The United States Court of Appeals for the Second Circuit indicated in a decision in which it considered the appealability of an interlocutory order, that when error, if any, is fully correctible upon appeal after final judgment, there is no reason for precipitate appellate interference. Stathatos v. Arnold Bernstein S.S. Corp., 202 F.2d 525, 528 (2d Cir. 1953).

An order is appealable only when it comes within the provisions of N.D.C.C. § 28–27–

02. We have reviewed that section carefully and find in it no basis for Mr. Trautman's appeal from the order granting the defendants' motion to vacate the judgment. The order is not decisive of the question involved, nor does it prejudice Mr. Trautman's right to raise the question at a subsequent stage of the proceedings.

■ Lest it be questioned whether this court should on its own motion raise this question, we refer those interested to Resnik v. LaPaz Guest Ranch, 289 F.2d 814 (9th Cir. 1961), in which the United States Court of Appeals said:

> A court of appeals, of course, is "bound to refuse sua sponte to assume jurisdiction not conferred upon it." * * *

Resnik v. LaPaz Guest Ranch, supra, 817.

It is the order of this court, therefore, that the appeal be dismissed.

TEIGEN, C. J., and KNUDSON, PAULSON and STRUTZ, JJ., concur.