**Otto BARTH and Barbara Barth, Plaintiffs and Appellees,**

v.

**George A. SCHMIDT, Defendant and Appellant.**

**Civ. No. 910010.**

Supreme Court of North Dakota.

June 28, 1991.

Lucas and Smith, Bismarck, for plaintiffs and appellees; argued by A. William Lucas.

Fleck, Mather & Strutz, Bismarck, for plaintiff and appellee Otto Barth. Appearance by Gary R. Wolberg.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendant and appellant; argued by Jerry W. Evenson.

MESCHKE, Justice.

We hold that leave to amend a pleading is neither reviewable nor appealable before final judgment. Therefore, we dismiss this appeal.

In August 1988, Otto and Barbara Barth sued George Schmidt for their injuries in a July 1986 automobile collision. This lengthy lawsuit was finally re-scheduled for trial on January 16, 1991. However, on December 3, 1990, the Barths belatedly moved for leave to amend their complaint to specify statutory violations and to add claims for loss of consortium. On December 19, 1990, the trial court reluctantly granted leave to amend.

Then, on December 27, 1990, both sides moved for delay of trial, stating different grounds. Counsel for Schmidt wanted more time to prepare to meet the amended complaint. Counsel for Barths pleaded his pressing workload. The trial court denied a continuance.

Although the trial court made no attempt to enter an NDRCivP 54(b) determination and direction,[1] Schmidt appealed, preempting the trial court's jurisdiction and postponing the trial. On appeal, Schmidt argues that the trial court abused its discretion in allowing amendment of the pleadings so close to trial without allowing more time to prepare to meet amended aspects.

Appealability is not determined by the positions of the parties on appeal. Even when the appellee has not questioned appealability, we take the initiative to dismiss an appeal that is not ready for review. *Wells County Water Resource District v. Solberg*, 434 N.W.2d 577, 578 (N.D.1989), is one example. We have a strong tradition "that no appeal lies from a judgment that is interlocutory and not final. E.g., *Anderson v. Bothum*, 77 N.D. 678, 45 N.W.2d 488 (N.D.1950)." *Regstad v. Steffes*, 433 N.W.2d 202, 203 (N.D.1988). An order allowing amendment of a pleading is interlocutory and not final.

We currently employ a two-step formulation to test appealability of *any* intermediate order. *Gillan v. Saffell*, 395 N.W.2d 148 (N.D.1986). Because the trial court's leave to Barths to amend their pleading did not involve the merits, nor did it resolve any part of the merits before the court, it was not a reviewable order. *Holobuck v. Schaffner*, 30 N.D. 344, 152 N.W. 660 (1915) (An order allowing an amended complaint is not reviewable by an interlocutory appeal); NDCC 28–27–02(5).[2] Secondly, when the trial court took no action under NDRCivP 54(b), this appeal bordered on frivolity under NDRAppP 38 and was completely inappropriate.

A final judgment, or the equivalent under NDRCivP 54(b), is necessary for appealability. *Wells County Water Resource District*, 434 N.W.2d at 578. When there are claims remaining to be decided in the trial court, an appeal will not normally be considered for jurisdictional reasons. *Sargent County Bank v. Wentworth*, 434 N.W.2d 562 (N.D.1989). In the words of NDRCivP 54(b), it is obvious that a leave to amend a pleading adjudicates "fewer than all of the claims" and does "not terminate the action." Furthermore, "[i]n the absence of that determination and direction, any order or other form of decision, how-

---

1. NDRCivP 54(b) says:

   *Judgment upon multiple claims or involving multiple parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2. NDCC 28–27–02 says:

   *What orders reviewable.*—The following orders when made by the court may be carried to the supreme court:
   1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;
3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;
4. An order which grants or refuses a new trial or which sustains a demurrer;
5. An order which involves the merits of an action or some part thereof;
6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or
7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

ever designated, which adjudicates fewer than all of the claims … is subject to revision at any time before the entry of judgment adjudicating all the claims…." *Id.* An order allowing amendment of a pleading is subject to revision, is not final, and is not appealable.

Schmidt relies on *Geo–Mobile, Inc. v. Dean Bender Chevrolet, Inc.,* 386 N.W.2d 918 (N.D.1986) to argue the appropriateness of this appeal. Schmidt argues:

> In *Peterson v. Zerr,* 443 N.W.2d 293 (ND 1989), this Court overruled *Geo–Mobile* to the extent that it sanctioned an appeal from a *denial* of a motion to amend a complaint. This appeal is from a *grant* of a motion to amend a complaint. Additionally, the Court did not overrule the analysis applied in *Geo–Mobile.*

(Schmidt's emphasis). Schmidt misunderstands the unmistakable import of *Peterson v. Zerr,* 443 N.W.2d 293 (N.D.1989). In that case, the plaintiff appealed, in part, from denial of his motion to amend the complaint. We refused to hear that interlocutory appeal, explaining:

> *Geo–Mobile, Inc.* predates the "shift in our appellate procedure regarding the applicability of Rule 54(b) certification to orders that are appealable pursuant to Section 28–27–02, N.D.C.C." *Harmon Motors v. First Nat'l Bank & Trust, supra,* 436 N.W.2d [240] at 241 [ (N.D.1989) ]. To the extent that *Geo–Mobile, Inc.* appears to sanction an appeal from a denial of a motion to amend a complaint without the additional requirement of a Rule 54(b) certification, it is overruled.

443 N.W.2d at 296. Still, Schmidt suggests that *Peterson* implies a distinction between appeals from those orders allowing, and those orders denying, amendment of pleadings. That distinction cannot be fairly inferred from *Peterson.* At best, that kind of distinction would be artificial, having nothing to do with finality, and having no bearing on appealability.

■ Yet, Schmidt also suggests that the trial court expected that he would appeal, citing the trial court's remarks to his counsel:

> I think you should appeal. I won't give you [a continuance] either unless you have something really unusual. I considered the possibilities of prejudice to you when I granted the motion to amend. Frankly, I am afraid to deny a motion to continue. They may well reverse this one because there will be plenty of time. If they do not reverse me, you'll still have plenty of time to prepare.

These speculations are not the specific steps contemplated by NDRCivP 54(b). These remarks even fall short of identifying "relevant equitable factors demonstrating unusual prejudice or hardship which could counterbalance the strong policy against piecemeal appeals," which this court also expects a trial court to supply in support of an express Rule 54(b) determination and direction for judgment. *Janavaras v. National Farmers Union Property,* 449 N.W.2d 578, 582 (N.D.1989). Even if "relevant equitable factors" could be supplied to justify a Rule 54(b) determination and direction for entry of a final judgment upon amendment of pleadings (which seems highly doubtful), the trial court's remarks certainly do not amount to that Rule 54(b) action.

Schmidt is not without recourse in the unlikely event that this amended complaint is unjustified under NDRCivP 15(a), directing that leave to amend pleadings shall be freely given. *Compare Witthauer v. Burkhart Roentgen, Inc.,* 467 N.W.2d 439, 442 (N.D.1991). "As we have often pointed out, an interlocutory order is always reviewable on appeal from the final judgment. *See,* for example, *Spence v. North Dakota District Court,* 292 N.W.2d 53 (N.D.1980) and *Sargent County Bank v. Wentworth,* 434 N.W.2d 562 (N.D.1989)." *Wells County Water Resource District,* 434 N.W.2d at 579. So, if Schmidt was actually prejudiced by denial of a continuance after the amended complaint, he will be able to obtain review of that ruling on appeal from the final judgment, although it would appear that the six-month delay

from this bootless appeal has dispelled any possible prejudice.

Because this order is neither reviewable nor appealable at this time, we dismiss this appeal.

VANDE WALLE, Acting C.J., LEVINE and GIERKE, JJ., and DOUGLAS B. HEEN, Surrogate Judge, concur.

DOUGLAS B. HEEN, Surrogate Judge, sitting in place of ERICKSTAD, C.J., disqualified.