**Ralph A. VINJE, Plaintiff and Appellee,**

v.

**Lawrence SABOT, Defendant and Appellant.**

**Civ. No. 910204.**

Supreme Court of North Dakota.

Nov. 12, 1991.

Richard B. Baer, P.C., Bismarck, for plaintiff and appellee. No appearance.

Lawrence Sabot, pro se.

MESCHKE, Justice.

Once again we say that an order denying a summary judgment is interlocutory and not appealable. We dismiss this appeal.

Ralph B. Vinje sued Lawrence Sabot for completed legal services. Without the aid of legal counsel, Sabot answered, contesting the contract for services, disputing their value, and "reserv[ing] any right to a jury trial."

Vinje moved for summary judgment, showing by his affidavit that he had represented Sabot in litigation, itemizing services at a value of $1,055.00, and seeking additional attorney's fees for Sabot's frivolous answer. An affidavit by Vinje's billing clerk showed that Vinje had spent 15.4 hours in representing Sabot, and had incurred $108 in expenses. Sabot's rambling affidavit responded that he had paid Vinje $100 to answer in the litigation, that Vinje had not been authorized to do additional work, and that the services were not worth the amount charged. When Sabot did not show up at the scheduled hearing on the motion for summary judgment, the trial court ignored Sabot's responsive affidavit and entered a default judgment against him.

Sabot appealed before the trial court acted on his motion to vacate the judgment. When Vinje's counsel delayed filing an appellee's brief until after the appeal was scheduled for oral argument, we denied filing of the appellee's brief as "a gross violation of the North Dakota Rules of Appellate Procedure." Then, we summarily reversed the default judgment and remanded for correct consideration of the motion for summary judgment. We also directed that Sabot recover his costs and disbursements on the appeal, to be taxed below.

On remand, still acting without aid of counsel, Sabot sought not only costs of $175 but also attorney's fees of $1,200 from Vinje, mistakenly declaring that "it is my understanding the direction of summary judgment has been mandated by the N.D. Supreme Court in my favor." Sabot resisted summary judgment on the unlikely ground that "any allowance to the plaintiff is a double jeopardy not allowed by law." Although Sabot again failed to appear at the hearing on summary judgment, the trial court recognized that Sabot's affidavit left genuine issues of material fact to be decided and denied summary judgment. See NDRCivP 56. The court directed that the clerk "schedule the case for a trial by jury upon the filing of a note of issue."

Still pro se, Sabot appealed this order, complaining about the trial court's failure to award his costs and disbursements, and outlandishly arguing that a jury trial would be "Double Jeopardy" because "the value of defendant's time and effort is equal to that of the plaintiff." Counsel for Vinje filed a brief urging that an order denying summary judgment and directing a jury trial is not appealable. Vinje asks that Sabot's appeal be dismissed.

An order denying summary judgment is interlocutory and is not appealable. *Gillan v. Saffell*, 395 N.W.2d 148 (N.D.1986); *Herzog v. Yuill*, 399 N.W.2d 287, 292 (N.D.1987). We have repeatedly pointed out that there is no right to appeal from an order or judgment that is interlocutory and not final. For a recent example, see *Barth v. Schmidt*, 472 N.W.2d 473, 474 (N.D.1991). Although Sabot does not comprehend it, a jury trial is necessary to reach final judgment in this case unless waived by both parties. See NDRCivP 38(e). A person acting as his own attorney is equally bound by rules of procedure as one represented by counsel, even if that person lacks understanding of legal procedures. *Production Credit Association of Mandan v. Obrigewitch*, 443 N.W.2d 304, 307 (N.D.1989). Accordingly, we dismiss this appeal because the order appealed from is interlocutory and not appealable.

Vinje also seeks attorney's fees and costs on grounds that this appeal by Sabot "is both frivolous and groundless." Like the appeal in *Barth v. Schmidt*, 472 N.W.2d at 474, this one verges on frivolity. It is evident that Sabot is badly mistaken both about the extent of costs and disbursements due to him for prosecuting his successful first appeal, and about the scope of the relief that we directed in remanding that appeal. We conclude that justice will be served best by offsetting these mutual claims for award of costs, disbursements, and attorney's fees on both appeals in this case without any further action by the trial court.

We dismiss this appeal and remand for the jury trial on Vinje's complaint for his legal services to Sabot.

ERICKSTAD, C.J., and LEVINE, GIERKE and VANDE WALLE, JJ., concur.