The **INDUSTRIAL COMMISSION OF NORTH DAKOTA acting in its capacity as the North Dakota Housing Finance Agency, Plaintiff and Appellee,**

v.

**Rodney F. KUNTZ and Rita Kuntz, Defendants and Appellants.**

**Civ. No. 920012.**

Supreme Court of North Dakota.

June 25, 1992.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendants and appellants; argued by Daniel S. Kuntz.

Stanley Mount Kenny (argued), Asst. Atty. Gen., Bismarck, for plaintiff and appellee.

JOHNSON, Justice.

Rodney F. and Rita Kuntz, appeal from a district court order partially vacating the judgment in a foreclosure action. The judgment was vacated only as to the Industrial Commission of North Dakota, acting in its capacity as the North Dakota Housing Finance Agency (Commission), allowing the Commission to seek relief by amending the complaint to the original action. We dismiss.

In April of 1984, the Kuntzes signed a Promissory Note to the Lomas and Nettleton Company for $60,000. This note was secured by a mortgage on an unplatted tenacre tract of land located in Stark County. Apparently no survey locating the structures on the parcel or verifying access was provided. In April 1984, the Lomas and Nettleton Company assigned this mortgage to the Commission.

In October of 1988, the Commission brought an action to foreclose the property secured by the mortgage, claiming that the Kuntzes had defaulted on their loan payments. The Commission declared the whole loan amount due under the terms of the note and mortgage. In June of 1989, the Commission moved for summary judgment which the district court granted on July 7, 1989. The judgment contained the

identical property description found in the mortgage.[1] On September 6, 1989, the property was sold at a sheriff's sale to the Commission for $59,052.85.

In May of 1990, the Commission moved for relief from judgment, pursuant to Rule 60(b), N.D.R.Civ.P.[2] The Commission claimed there was an error in the legal description of the property which originated in the mortgage and was carried through the published notice. The Commission requested that the district court allow it:

1. To permit NDHFA [Commission] to reopen the above-captioned real estate mortgage foreclosure action to amend the complaint to allege an action to reform the mortgage to correct an error in the legal description of the property secured by the mortgage.

2. To permit NDHFA [Commission] to amend the complaint to allege an easement by necessity to the real property secured by the mortgage from and across other lands owned by the defendants and to the water supply source.

This motion was denied by the district court in order to allow the parties to negotiate a settlement. However, apparently no agreement was reached, and, in October of 1991, the Commission moved for reconsideration of the motion for relief from judgment.

The Kuntzes resisted the motion, claiming that the Commission knew of the incorrect description prior to the sheriff's sale and chose not to correct the mistake. Ac-

1. The land was described as:
   A tract of land lying in the SW¼ SE¼ of Section 4, Township 138 North, Range 99 West of the 5th P.M., COMMENCING at the Southeast corner of Section 4, thence west along the south line of said Section 4, a distance of 2000.00 feet to the point of beginning; thence north at a right angle to said south line of Section 4, a distance of 820.00 feet; thence east along a line parallel to said south line of Section 4 a distance of 36.00 feet; thence in a southeasterly direction on a bearing of S 52°00'E a distance of 81.20 feet; thence east along a line parallel to said south line of Section 4 a distance of 459.20 feet; thence south along a line being at a right angle to said South line of Section 4, a dis-

tance of 770.00 feet to a point on said South line of Section 4; thence west along said south line of Section 4 a distance of 559.20 feet to a point of beginning, said tract containing 10.00 acres, more or less.
   This description was also used in the public notice of sale in The Dickinson Press from July 25, 1989, to August 8, 1989.

2. Rule 60(b), N.D.R.Civ.P., states in part:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment or order in any action or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; ...

cording to the Kuntzes, there was no mistake regarding the property description. They claim the Commission was aware of the error in the description due to a sketch dated September 26, 1988. This sketch indicated that a 4.9 foot portion of the house extended beyond the legal description of the tract. The Kuntzes also argued that there was no intent and no evidence that the parties had agreed to include the easement and water supply source.

In December 1991, the district court vacated the judgment of July 7, 1989, allowing the Commission to "seek such further relief as is requested in its Motion for Relief from Judgment through amendment of the Summons and Complaint in the original action." The Kuntzes appeal from this order partially granting relief from judgment.

Neither party has questioned or briefed the issue of appealability of this order partially vacating a judgment. However, we raise the question of appealability sua sponte. *Matter of Estate of Burshiem*, 483 N.W.2d 175, 178 n. 4 (N.D.1992), *Ceartin v. Ochs*, 479 N.W.2d 863, 864 (N.D. 1992); *Barth v. Schmidt*, 472 N.W.2d 473, 474 (N.D.1991); *Trautman v. Keystone Development Corp.*, 156 N.W.2d 817, 819 (N.D.1968).

Reviewable orders for this Court are found in section 28–27–02, N.D.C.C.[3] A

final judgment or its equivalent under Rule 54(b), N.D.R.Civ.P., can be appealed. *Barth v. Schmidt*, 472 N.W.2d at 474. *See Vinje v. Sabot*, 477 N.W.2d 198, 199 (N.D. 1991). In *Trautman*, this Court addressed interlocutory orders and stated "the order granting the motion to vacate the judgment is purely interlocutory and is therefore not an appealable order." *Trautman*, 156 N.W.2d at 818. In *William Clairmont, Inc. v. Burlington Northern, Inc.*, 229 N.W.2d 77 (N.D.1975), this Court stated: "[a]lthough not supported by numerous holdings, it must be regarded as law of this State that an order or judgment absolutely vacating a judgment previously entered, leaving an action pending below, is purely interlocutory and is not appealable." *Id.* at 80. The order partially vacating the judgment does not provide the ultimate decision in this case. We find this order is not appealable.

There are questions remaining before the district court. The district court will need to determine whether or not a motion for relief from judgment or a separate suit for reformation of the instrument is the proper procedure.[4] The district court will also need to consider if in fact there was a mutual mistake as alleged by the Commission, or if there was a "deliberate choice" on the part of the Commission to proceed with the erroneous description prior to

---

**3.** Section 28–27–02, N.D.C.C., reads:

The following orders when made by the court may be carried to the supreme court:

1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

**4.** *See Mau v. Schwan*, 460 N.W.2d 131 (N.D. 1990); *Cokins v. Frandsen*, 141 N.W.2d 796 (N.D.1966). *See also* 55 Am.Jur.2d *Mortgages* §§ 847–851 (1971); Annotation, *Right, after foreclosure, to reformation on ground of erroneous description originating in mortgage*, 172 A.L.R. 655 (1948).

foreclosure.[5]

The district court may decide whether or not it was the intention of the parties to have an easement and water supply source included in the tract and what was intended as a correct description. There are a variety of other considerations for the district court, including the status of the redemption period and possession of the property.

If nothing else, this case provides an object lesson in the pitfalls of dealing with unplatted land parcels. The district court must still hear and dispose of these issues. Because this order is not appealable, this appeal is dismissed subject to further proceedings in the district court. Each party is to bear its own costs for this appeal.

ERICKSTAD, C.J., MESCHKE and LEVINE, JJ. and VERNON R. PEDERSON, Surrogate Judge, concur.

PEDERSON, Surrogate Judge, sitting in place of VANDE WALLE, J., disqualified.

---

**5.** The Kuntzes have argued the theory of "free, calculated or deliberate choices," citing *Kuehl v. Lippert,* 401 N.W.2d 523 (N.D.1987); *First National Bank of Crosby v. Bjorgen,* 389 N.W.2d 789 (N.D.1986); *Hefty v. Aldrich,* 220 N.W.2d 840 (N.D.1974). This theory, they claim, bars or prohibits the Commission from using Rule 60(b) to change the description. The district court should consider the facts to determine if this theory is applicable to this case.