FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 17, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 270

In the Interest of David Buller

Anna A. Argenti, Assistant State's Attorney,                    Petitioner and Appellee

     v.

David Buller,                    Respondent and Appellant

## No. 20200168

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Karlei K. Neufeld, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee; submitted on brief.

Kent M. Morrow, Bismarck, ND, for respondent and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   David Buller appeals from a district court order granting a petition for commitment of a sexually dangerous individual. Buller argues the proceedings in this case were bared by res judicata and the order for commitment was not supported by clear and convincing evidence. We affirm.

I

[¶2]   On January 23, 2020, the State filed a petition for civil commitment of Buller as a sexually dangerous individual. On January 28, 2020, following a preliminary hearing, the district court entered an order of dismissal of the petition after finding the State failed to establish Buller had a condition that was manifested by a sexual disorder, personality disorder, or other mental disorder or dysfunction. On January 30, 2020, sua sponte and without notice to the parties, the court issued an order vacating the prior order dismissing the petition and finding probable cause was established to commit Buller.

[¶3]   On February 19, 2020, Buller filed a petition for writ of mandamus to this Court. This Court exercised supervisory jurisdiction and vacated the district court's January 30, 2020 order after considering the procedural irregularity of the second order issued sua sponte and without notice to the parties. In vacating the January 30, 2020 order, we noted the following: "the Court takes this action without prejudice to the district court's or the State's ability to conduct further proceedings in this case, or to the State filing a new petition based on existing or new facts." No further proceedings were taken in the initial commitment proceedings.

[¶4]   On March 6, 2020, the State filed a new petition and started a new proceeding seeking commitment of Buller as a sexually dangerous individual. Buller requested dismissal of the new petition asserting res judicata precluded a second petition because the January 28, 2020 order dismissing the petition following the preliminary hearing was not vacated in the first proceeding.

Following the preliminary hearing in the new proceeding, the district court ordered Buller to submit to an evaluation as a sexually dangerous individual.

[¶5]  After completion of the evaluation, a treatment hearing was held where the State presented evidence and testimony by Peter Byrne, Ph.D. (Dr. Byrne), a North Dakota Licensed Psychologist. Dr. Byrne had conducted a record review and in-person interview and assessment of Buller. Buller presented evidence and testimony by Jessica Mugge, Ph.D., L.P., (Dr. Mugge), a Licensed Clinical Psychologist. Dr. Mugge conducted a record review and in-person interview and assessment of Buller. Both doctors reached the opinion Buller met the criteria of a sexually dangerous individual.

[¶6]  During the treatment hearing, Buller again moved to dismiss the State's petition based on res judicata and collateral estoppel. Buller later filed a formal motion to dismiss the petition. The motion was denied.

[¶7]  On May 29, 2020, the district court issued an order granting the petition seeking commitment of Buller as a sexually dangerous individual after finding Buller met the statutory criteria as a sexually dangerous individual who is in continued need of treatment and rehabilitation. The court based its decision on the reports and testimony of Dr. Byrne and Dr. Mugge, with a specific finding that Dr. Byrne's testimony was persuasive at the hearing. The court noted Dr. Mugge's testimony was not as detailed as Dr. Byrne's testimony, but still found her testimony convincing and supported the commitment of Buller as a sexually dangerous individual.

[¶8]  Buller appeals from the district court order granting the petition to commit him as a sexually dangerous individual. On appeal, Buller argues the second petition was barred by res judicata and he challenges the finding that the State had proved he is a sexually dangerous individual who is in continued need of treatment and rehabilitation.

II

[¶9]  Buller argues the district court order for civil commitment in this proceeding was barred by res judicata because the court's order of dismissal,

entered on January 28, 2020 in the prior proceeding, was the final order on the merits after this Court vacated the district court's January 30 order. The doctrine of res judicata forecloses parties from litigating claims that were raised, or could have been raised, in prior actions between the same parties. *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 11, 721 N.W.2d 16. "Whether res judicata applies is a question of law, fully reviewable on appeal." *Fredericks v. Vogel Law Firm*, 2020 ND 171, ¶ 10, 946 N.W.2d 507.

[¶10]  In order for a claim to be barred by the doctrine of res judicata, there must be a final judgment on the merits by a court of competent jurisdiction. *Reed v. Univ. of N. D.*, 1999 ND 25, ¶ 10, 589 N.W.2d 880. A final judgment, or its equivalent under N.D.R.Civ.P. 54(b), can be appealed to this Court. *Indus. Comm'n of N.D. v. Kuntz*, 486 N.W.2d 249, 251 (N.D. 1992). Interlocutory orders are not final and appealable unless "it can be affirmatively established the underlying order was meant to be, in all aspects, final." *White v. Altru Health Sys.*, 2008 ND 48, ¶ 4, 746 N.W.2d 173 (internal quotation omitted); *see also William Clairmont, Inc. v. Burlington Northern, Inc.*, 229 N.W.2d 77, 80 (N.D. 1975) ("[A]n order or judgment absolutely vacating a judgment previously entered, leaving an action pending below, is purely interlocutory and is not appealable."). In *Trautman v. Keystone Dev. Corp.*, 156 N.W.2d 817, 818-819 (N.D. 1968), this Court held an order vacating a judgment was not final and appealable when the order was not decisive on the question involved and did not prejudice the parties' right to raise issues at a subsequent stage of the proceedings.

[¶11] In determining whether an order is final, we consider whether the underlying proceedings were vacated or dismissed with or without prejudice. "Dismissal of a claim or action without prejudice has no res judicata effect because there has been no decision on the merits and no right or remedy of the parties is affected." *Hager v. City of Devils Lake*, 2009 ND 180, ¶ 11, 773 N.W.2d 420; *see also Sellie v. N.D. Ins. Guar. Ass'n*, 494 N.W.2d 151, 159 (N.D. 1992). "The words 'without prejudice', as used in judgment, ordinarily import the contemplation of further proceedings, and, when they appear in an order or decree, it shows that the judicial act is not intended to be res judicata of the merits of the controversy." *Hager*, at ¶ 11 (quoting In re C.M., 532 N.W.2d 381,

3

382-83 (N.D. 1995)); *see also* Black's Law Dictionary, 1740 (9th ed. 2009) (defining "without prejudice" as "[w]ithout loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party").

[¶12] This Court's order granting Buller's petition for writ of mandamus addressed Buller's assertion the district court's second order, vacating the court's prior order to dismiss the proceedings, was improperly entered sua sponte by the court and without notice to Buller. Addressing the procedural irregularities we ordered as follows:

> [¶2]  ORDERED, that the Court exercises its supervisory jurisdiction and vacates the district court's January 30, 2020 order due to procedural irregularity leading to its entry.

> [¶3]  IT IS FURTHER ORDERED, that the Court takes this action without prejudice to the district court's or the State's ability to conduct further proceedings in this case, or to the State filing a new petition based on existing or new facts.

[¶13] No further action was taken in the prior case following this Court's order. The State subsequently filed a new petition for civil commitment of Buller. Our prior order unambiguously vacated the district court's January 30, 2020 court order and preserved the State's right to proceed with further action seeking the commitment of Buller, including "filing a new petition based on existing or new facts." We conclude, under these circumstances, the current action is not barred by res judicata.

## III

[¶14] Buller challenges the district court's finding that the State had demonstrated, by clear and convincing evidence, that Buller is a sexually dangerous individual who is in continued need of treatment and rehabilitation. Under N.D.C.C. ch. 25-03.3, the State has the burden of proving a person is a sexually dangerous individual by clear and convincing evidence. A person may not be committed as a "sexually dangerous individual" unless the State proves the following elements as provided in N.D.C.C. § 25-03.3-01(8):

4

> (1) the individual has engaged in sexually predatory conduct, (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and (3) the individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*In re Johnson*, 2016 ND 29, ¶ 3, 876 N.W.2d 25 (quoting *Interest of Johnson*, 2015 ND 71, ¶ 5, 861 N.W.2d 484). Moreover, this Court has recognized substantive due process requires additional proof beyond the three statutory elements:

> In addition to the three statutory requirements, to satisfy substantive due process, the State must also prove the committed individual has serious difficulty controlling his behavior. . . . We construe the definition of a sexually dangerous individual to mean that proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case.

*In Interest of Nelson*, 2017 ND 152, ¶ 4, 896 N.W.2d 925 (quoting *Matter of Wolff*, 2011 ND 76, ¶ 7, 796 N.W.2d 644). A civil commitment requires a connection between the disorder and the individual's inability to control his or her actions. *Id.*

[¶15] Before addressing the substance of the district court's finding that Buller is a sexually dangerous individual who is in continued need of treatment and rehabilitation, we have considered deficiencies in Buller's pleadings to this Court. Under N.D.R.App.P., Rule 28(b)(7), an appellant's brief must include argument consisting of the following:

> (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

5

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues); and

(C) if the appeal is from a judgment ordered under N.D.R.Civ.P. 54(b), whether the certification was appropriate;

(D) a short conclusion stating the precise relief sought.

[¶16] In *State v. Noack*, 2007 ND 82, ¶ 9, 732 N.W.2d 389, this Court explained:

Of the requirements imposed by N.D.R.App.P. 28, three are absolutely imperative for our review. At a minimum, a brief must contain a statement of the issues presented for review; a statement of the facts and, where those facts are disputed, references to the evidentiary record supporting the appellant's statement of the facts; and the appellant's legal argument, including the authorities on which the appellant relies. Without these essential elements included in the appellant's brief, we decline to address the alleged errors because the case is not properly before us.

[¶17] "This Court may impose sanctions for a failure to comply with the minimum requirements of the rule, including dismissal of an appellant's appeal." *Dieterle v. Dieterle*, 2013 ND 71, ¶ 36, 830 N.W.2d 571. "We are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a party's position, and we will not consider arguments not adequately articulated, supported, and briefed." *State v. Gates*, 2020 ND 237, ¶ 8. In *Gates*, this Court found it was unable to meaningfully review the alleged errors of the district court when the appellant's brief failed to adequately explain why the court erred and the brief did not provide legal argument. *Id*. at ¶¶ 7-9. Even though the appellant's brief in *Gates* contained the items listed in N.D.R.App.P. 28(b)(1)-(8), the Court exercised its authority to dismiss the appeal. *Gates,* at ¶¶ 7, 9.

[¶18] Similar to the appellant in *Gates*, Buller has not provided a legal argument to support his contention the district court's order was not supported by clear and convincing evidence. The extent of Buller's appellate argument on the issue is as follows:

6

107. The Order Granting Petition, is not supported by clear and convincing evidence.

108. The Order Granting Petition, dated May 29, 2020 failed to make specific findings of fact, conclusions of law, and order for judgment.

109. The Court did find that Buller has engaged in sexually predatory conduct. (Order Granting Petition, p. 5).

110. Similarly, it found that Buller has a diagnosis of Antisocial Personality Disorder (Order Granting Petition, p. 5-6).

111. Thirdly, both evaluations opined that the disorder made Buller more likely to engage in certain acts of sexually predatory conduct. (Order Granting Petition, p. 7-8).

112. Finally, the State's evaluator concluded that there was a nexus between Buller's condition and the danger to others physical or mental health such that he will have serious difficulty in controlling his behavior.

113. Buller does not believe that the Order Granting Petition was supported by clear and convincing evidence.

[¶19] Contrary to Buller's assertion that the district court "failed to make specific findings of fact, conclusions of law, and order for judgment," the court entered a twelve page order including findings on each of the three statutory requirements and whether Buller has serious difficulty controlling his behavior. The court's findings provided specific citations to documents received into evidence during the proceedings. After reviewing the court's findings and Buller's brief to this Court, we conclude Buller has failed to adequately articulate, support, and brief his contention the court erred in finding he is a sexually dangerous individual who is in continued need of treatment and rehabilitation. Buller has failed to adequately explain how the court erred, and we are unable to provide meaningful review of the alleged errors. We affirm the court's findings that Buller is a sexually dangerous individual who is in continued need of treatment and rehabilitation.

IV

[¶20] In light of this Court's directive in the prior proceedings that the State could file "a new petition based on existing or new facts," the current proceedings are not barred by res judicata. Buller has failed to adequately

7

explain how the district court erred and we are unable to provide meaningful review of his challenge to the court's findings. We affirm the court's findings and order that Buller is a sexually dangerous individual who is in continued need of treatment and rehabilitation.

[¶21] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte