# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 218

In the Matter of Lawrence Herbert Didier

Frederick Fremgen, Stutsman
County State's Attorney,                              Petitioner and Appellee

v.

Lawrence Herbert Didier,                          Respondent and Appellant

## No. 20230118

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

John M. Gonzalez, Assistant State's Attorney, Jamestown, N.D., for petitioner and appellee.

Tyler J. Morrow, Grand Forks, N.D., for respondent and appellant.

**Tufte, Justice.**

[¶1]   Lawrence Herbert Didier appeals from an order and judgment denying his discharge from civil commitment. On appeal, Didier argues the district court's factual basis was insufficient to legally conclude he has serious difficulty controlling his behavior. We affirm.

I

[¶2]   Between 1988 and 2008, Didier was convicted of gross sexual imposition and indecent exposure, and was twice convicted of sexual assault. After a State petition, the district court ordered Didier committed as a sexually dangerous individual in November 2010 under N.D.C.C. ch. 25-03.3.

[¶3]   Didier petitioned for an annual review hearing under N.D.C.C. § 25-03.3-18 seeking discharge from civil commitment. Dr. Deirdre D'Orazio, Ph.D., a doctor of clinical and forensic psychology, submitted a report for the North Dakota State Hospital stating her expert opinion was that Didier remained a sexually dangerous individual. The district court held a hearing and subsequently issued an order and judgment denying Didier's petition for discharge from civil commitment.

II

[¶4]   Our standard of review for civil commitments is well established: "Civil commitments of sexually dangerous individuals are reviewed under a modified clearly erroneous standard. The court's decision will be affirmed unless it is induced by an erroneous view of the law or we are firmly convinced the decision is not supported by clear and convincing evidence." *Matter of Knoke*, 2021 ND 240, ¶ 13, 968 N.W.2d 178 (citations omitted).

[¶5]   "[T]he State has the burden of proving a person is a sexually dangerous individual by clear and convincing evidence." *In re Buller*, 2020 ND 270, ¶ 14, 952 N.W.2d 106. Under N.D.C.C. § 25-03.3-01(7) (formerly § 25-03.3-01(8)), the State must prove three elements:

1.  [T]he individual has engaged in sexually predatory conduct,

2.  [T]he individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and

3.  [T]he individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*Matter of Knoke*, 2021 ND 270, ¶ 14 (quoting *In re G.L.D.*, 2019 ND 304, ¶ 4, 936 N.W.2d 539).

[¶6] The State must also prove the individual has serious difficulty controlling his behavior.

> "[T]he United States Supreme Court held that in order to satisfy substantive due process requirements, the individual must be shown to have serious difficulty controlling his behavior." *Matter of Hehn*, 2008 ND 36, ¶ 19, 745 N.W.2d 631 (citing *Kansas v. Crane*, 534 U.S. 407, 413 (2002)). We therefore construe "sexually dangerous individual" as meaning "proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case." *[Matter of] Wolff*, 2011 ND 76, ¶ 7, 796 N.W.2d 644 (*quoting Interest of J.M.*, 2006 ND 96, ¶ 10, 713 N.W.2d 518).

*Interest of Voisine*, 2018 ND 181, ¶ 6, 915 N.W.2d 647. Relying on Dr. D'Orazio's report and testimony, the district court found by clear and convincing evidence that the State had met the burden to prove each of the four elements. Didier does not contend that the State failed to meet its burden on the three statutory elements.

[¶7] On appeal, Didier argues the district court's findings of fact were not sufficient to legally conclude he has serious difficulty controlling his behavior. Didier argues the evidence relating to the current review period, not merely

conduct from prior review periods, must be used to determine whether he remains a sexually dangerous individual. He argues that the findings relating to the current review period are not sufficiently specific and that the record does not contain evidence on which sufficiently specific findings could have been made.

[¶8]   "To determine whether an individual has serious difficulty in controlling behavior, all relevant conduct may be considered." *In re J.T.N.*, 2011 ND 231, ¶ 13, 807 N.W.2d 570. "[W]hile conduct in proximity to the hearing is relevant, the past still has some relevance." *Voisine*, 2018 ND 181, ¶ 18. The conduct does not have to be sexual in nature. *Matter of J.M.*, 2019 ND 125, ¶ 8, 927 N.W.2d 422. After reviewing the record, we conclude the district court's findings that Didier has serious difficulty controlling his behavior are supported by clear and convincing evidence.

[¶9]   The district court's findings relied on Dr. D'Orazio's report, which described several prior offenses. Didier's most recent convictions were in 2008, when Didier was convicted of indecent exposure and sexual assault. In 2010, he was interviewed for allegedly committing sexual assault on a cognitively impaired woman. No charges were filed. The same year, he approached young children in Walmart and attempted to give them money. Around the same time, he was alleged to have been "pestering female greeters." He also twice attended a circus despite a direct prohibition from his probation officer.

[¶10] The district court found Didier's inability to control his behavior continues. The court found Didier becomes angry when confronted by his peers and has stormed off and slammed doors. He also walks out on clinicians when he is not told what he wants to hear. During the review period, Didier was demoted from level 2 to level 1 for staring at female staff in a sexually objectifying manner but has been returned to level 2. The court emphasized Dr. D'Orazio's opinion that Didier did not respond to redirection attempts when he was observed to be staring at a female staff member's body.

[¶11] We conclude the court's finding by clear and convincing evidence that Didier has serious difficulty controlling his behavior based on both his past and present conduct is not clearly erroneous and is supported by the record.

[¶12] We will not consider other issues raised for the first time at oral argument. *In re R.A.S.*, 2008 ND 185, ¶ 12, 756 N.W.2d 771.

### III

[¶13] The district court order and judgment are affirmed.

[¶14] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr