20230330
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
05-02-2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 83

In the Interest of Edward Skorick

Julie A. Lawyer, State's Attorney,                    Petitioner and Appellee

      v.

Edward Skorick,                              Respondent and Appellant

## No. 20230330

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Isaac O. Lees, Assistant State's Attorney, Bismarck, N.D., for petitioner and appellee.

Tyler J. Morrow, Grand Forks, N.D., for respondent and appellant.

**Tufte, Justice.**

[¶1]   Edward Skorick appeals from a district court's order denying his petition for discharge from civil commitment. On appeal, Skorick argues the district court's factual basis was insufficient to legally conclude he has serious difficulty controlling his behavior. We affirm.

I

[¶2]   Skorick has a history of committing sex offenses dating back to 1980. The district court ordered Skorick committed as a sexually dangerous individual under N.D.C.C. ch. 25-03.3 on October 30, 2019. Skorick had been incarcerated from April 2002 until his transfer to the North Dakota State Hospital.

[¶3]   Skorick requested a hearing on his July 2022 petition for discharge under N.D.C.C. § 25-03.3-18. Dr. Peter Byrne, Ph.D., a licensed psychologist, submitted a report for the North Dakota State Hospital in September 2023 stating his expert opinion was that Skorick remained a sexually dangerous individual. The district court held a hearing and subsequently issued an order denying Skorick's petition for discharge from civil commitment.

II

[¶4]   On appeal, Skorick argues the district court's factual basis was insufficient to legally conclude he has serious difficulty controlling his behavior.

[¶5]   Our standard of review for civil commitments is well established: "Civil commitments of sexually dangerous individuals are reviewed under a modified clearly erroneous standard. The court's decision will be affirmed unless it is induced by an erroneous view of the law or we are firmly convinced the decision is not supported by clear and convincing evidence." *Matter of Didier*, 2023 ND 218, ¶ 4, 997 N.W.2d 837.

[¶6] At a discharge hearing, the State has the burden of proving a person remains a sexually dangerous individual by clear and convincing evidence. N.D.C.C. § 25-03.3-18(4); *In re Buller*, 2020 ND 270, ¶ 14, 952 N.W.2d 106. To establish Skorick is a sexually dangerous individual as defined in N.D.C.C. § 25-03.3-01(7), the State must prove three statutory elements:

1. [T]he individual has engaged in sexually predatory conduct,
2. [T]he individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and
3. [T]he individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*Matter of Knoke*, 2021 ND 240, ¶ 14, 968 N.W.2d 178 (quoting *In re G.L.D.*, 2019 ND 304, ¶ 4, 936 N.W.2d 539).

[¶7] The State must also prove the individual has serious difficulty controlling his behavior.

"[T]he United States Supreme Court held that in order to satisfy substantive due process requirements, the individual must be shown to have serious difficulty controlling his behavior." *Matter of Hehn*, 2008 ND 36, ¶ 19, 745 N.W.2d 631 (citing *Kansas v. Crane*, 534 U.S. 407, 413 [122 S. Ct. 867, 151 L. Ed. 2d 856] (2002)). We therefore construe "sexually dangerous individual" as meaning "proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case." *[Matter of] Wolff*, 2011 ND 76, ¶ 7, 796 N.W.2d 644 (quoting *Interest of J.M.*, 2006 ND 96, ¶ 10, 713 N.W.2d 518).

*Interest of Voisine*, 2018 ND 181, ¶ 6, 915 N.W.2d 647. Relying on Dr. Byrne's testimony, the district court found by clear and convincing evidence that the State had met the burden to prove each of the four elements. Skorick does not

2

contend that the State failed to meet its burden on the three statutory elements.

[¶8] "To determine whether an individual has serious difficulty in controlling behavior, all relevant conduct may be considered. While conduct in proximity to the hearing is relevant, the past still has some relevance. The conduct does not have to be sexual in nature." *Matter of Didier*, 2023 ND 218, ¶ 8. (cleaned up) "Failure to attend treatment might demonstrate inability to control behavior just as violation of other institutional rules." *In re Johnson*, 2016 ND 29, ¶ 10, 876 N.W.2d 25.

[¶9] Dr. Byrne testified Skorick declined to participate in the clinical interview for this evaluation, and, during the review period, Skorick made no progress in his treatment because he declined to participate and received three write-ups. He testified Skorick has antisocial personality disorder, indicated by a pattern of disregarding violations of the rights of others. Skorick name calls and is generally derogatory toward women, and during this review period he twice called others "Pocahontas," a counselor a "broad," and other peers, "queers." He had a verbal altercation with a peer over phone calls and did not follow the phone directions in the client handbooks. Skorick also violated rules when he gave his lunch to another peer.

[¶10] The district court's findings relied on Dr. Byrne's testimony. The court found that Skorick had not made progress because he refused to participate in his treatment programming. Since he lacks motivation for change, he will continue to see himself as a victim and take advantage of others as he has in the past. Further, his current behavior at the hospital, while improving, has remained oppositional to staff. During the review period, he failed to follow rules, cursed at staff, and was verbally aggressive. The court concluded, Skorick's "diagnoses cause him to be impulsive, disregard the feelings of others, and take what he wants. This remains unchanged and pervasive based upon the facts detailed above. This all equates to his serious difficulty to control his behavior should he be discharged as he has requested."

[¶11] We conclude the court's finding by clear and convincing evidence that Skorick has serious difficulty controlling his behavior based on both his past and present conduct is not clearly erroneous and is supported by the record.

## III

[¶12] The district court findings and order are affirmed.

[¶13] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr